**DALLAS METROCARE SERVICES,** Appellant

v.

Adolfo **JUAREZ,** Appellee.

No. 05–11–01144–CV.

Court of Appeals of Texas, Dallas.

July 16, 2012.

Joel E. Geary, Vincent Lopez Serafino Jenevein, P.C., Dallas, TX, for Appellant.

Julian V. Buenger, Julian V. Buenger, P.C., Dallas, TX, for Appellee.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## MEMORANDUM OPINION

Opinion by Justice O'NEILL.

In this accelerated appeal, appellant Dallas Metrocare Services (Metrocare) appeals the denial of its plea to the jurisdiction. In a single issue, Metrocare contends the trial court erred in denying its plea because appellee Adolfo Juarez failed to state a claim under the Texas Tort Claims Act. For the following reasons, we affirm the trial court's order.

Juarez was a patient at Metrocare where he received out-patient mental health care treatment. During a group meeting, Juarez was sitting at a table when a large whiteboard, which was placed on top of a nearby table, suddenly fell on Juarez's head injuring him. Juarez filed suit against Metrocare alleging it was negligent for failing to properly secure the whiteboard and in creating an unreasonably unsafe condition.

Metrocare filed a plea to the jurisdiction asserting governmental immunity. It first alleged Juarez did not allege a negligence claim for which immunity was waived because his claim did not involve Metrocare's "use" of tangible personal property. Specifically, it asserted that the whiteboard was not being used at the time of Juarez's injury because the only employee in the room was seated at least ten feet from the board when it "inexplicitly fell forward." Metrocare further asserted Juarez did not state a claim for premises liability because Juarez did not allege Metrocare had actual knowledge of the dangerous condition. *See, e.g., City of Wylie v. Taylor,* 362 S.W.3d 855, 861 (Tex.App.-Dallas 2012, no pet.) (governmental immunity for premises liability waived only if governmental entity has actual knowledge of dangerous condition). Metrocare relied on both the allegations in Juarez's petition and evidence attached to its motion to support its plea to the jurisdiction.

Juarez responded that he was alleging a general negligence claim arising from the condition or use of tangible personal property—the whiteboard. Juarez requested the trial court to deny Metrocare's plea to the jurisdiction or, at a minimum, give him additional time for discovery. After considering the pleadings and evidence, the trial court denied plea. Metrocare appeals.

■■■ We review de novo a challenge to the trial court's subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Perez v. City of Dallas,* 180 S.W.3d 906, 909 (Tex. App.-Dallas 2005, no pet.). When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda,* 133 S.W.3d at 226 (*citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993)); *City of Dallas v. Heard,* 252 S.W.3d 98, 102 (Tex. App.-Dallas 2008, pet. denied). We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent. *Miranda,* 133 S.W.3d at 226.

■■■ The Tort Claims Act provides a limited waiver of immunity for injuries caused by (1) the operation or use of publicly owned vehicles or equipment, (2) a condition or use of tangible personal or real property, and (3) premises defects. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025(a) (West 2005), § 101.022 (West Supp.2010). A plaintiff must plead sufficient facts to invoke a waiver of immunity under the tort claims act. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002).

■■■ In its sole issue, Metrocare contends the trial court erred in denying its plea to the jurisdiction. Metrocare devotes the majority of its briefing on appeal to its contention that Juarez did not allege a premises defect claim because Juarez did not allege, and there is no evidence, Metrocare had "actual knowledge" of any dangerous condition. Metrocare then asserts any attempt by Juarez to allege an ordinary negligence claim involving the condition or use of tangible personal property fails because Juarez's claim involves "real" property and must therefore be subject to the heightened premises defect requirements. *See Miranda,* 133 S.W.3d at 233. Significantly, Metrocare took the precise opposite position in the trial court, alleging Juarez's claim did not concern the condition or use of "real" property because the whiteboard was tangible personal property and was not "affixed" to any wall.

■■■ As noted above, the Tort Claims Act waives immunity for personal injuries caused by a condition or use of tangible

personal property. In his petition and response to Metrocare's plea to the jurisdiction, Juarez alleged he was asserting a negligence claim based on the unsafe condition of tangible personal property—specifically, the unsecured whiteboard. Metrocare's plea to the jurisdiction wholly failed to address Juarez's claim that the negligence claim involved the *condition* of tangible personal property. Although Metrocare now raises arguments asserting Juarez cannot allege a claim involving the condition of tangible personal property, our review is limited to the grounds set forth in the plea to the jurisdiction that was before the trial court. *City of Dallas v. Turley*, 316 S.W.3d 762, 774 (Tex.App.-Dallas 2010, pet. denied). Reading Juarez's pleadings liberally, as we must, we conclude he alleged a negligence claim involving the condition or use of tangible personal property. *See, e.g., City of Celina v. Blair*, 171 S.W.3d 608, 610 (Tex.App.-Dallas 2005, no pet.)

The pleadings and evidence showed the whiteboard was large, four foot by eight foot, with a metal frame. The whiteboard was placed on top of a "narrow" table and was propped up against the wall in close proximity to a conference table where patients were seated during group meetings. Although the whiteboard was not being used as a visual aid at the time of the injury, it was on display and available for that purpose. According to Juarez, Metrocare was negligent in failing to properly secure the whiteboard near where patients were seated. Contrary to Metrocare's assertion, Juarez's negligence allegations did not concern the "mere involvement" of the whiteboard; rather, Juarez alleged negligence directly related to the whiteboard and the whiteboard was the actual instrumentality of his injury. We conclude Metrocare has failed to show the trial court erred in denying its plea to the jurisdiction. We affirm the trial court's order denying Metrocare's plea to the jurisdiction.