# IN THE SUPREME COURT OF TEXAS

══════════════

No. 12-0685

══════════════

DALLAS METROCARE SERVICES, PETITIONER,

v.

ADOLFO JUAREZ, RESPONDENT

═══════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════════

**PER CURIAM**

After being sued by a patient who was struck by a falling whiteboard, a governmental entity pled immunity, arguing that the alleged injury did not arise from the "use" of personal property. The trial court denied the plea, and the defendant argued for the first time on appeal that the property's "condition" did not cause the accident. Because the defendant had not originally asserted that argument in the trial court, the court of appeals declined to consider it. In light of our recent decision in *Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012), we reverse the court of appeals' judgment and remand to that court for further consideration of the defendant's jurisdictional arguments. We also conclude that the patient's alleged injuries were not caused by the "use" of the whiteboard, and the court of appeals erred to the extent it held otherwise.

Dallas Metrocare Services is a public nonprofit organization that provides mental health care to Dallas County residents. Adolfo Juarez attended periodic treatment and counseling sessions at

one of Metrocare's clinics. During one such session, Juarez was seated at one end of a long rectangular table in the clinic's conference room. A 4' by 8' whiteboard that had been propped on a table behind him fell, hitting Juarez in the head. Both parties agree that no one was writing on or moving the whiteboard, or its table, when the incident occurred.

Juarez sued Metrocare for negligence. Metrocare filed a jurisdictional plea, asserting that Juarez had failed to allege facts demonstrating a waiver of Metrocare's immunity under the Texas Tort Claims Act. Metrocare argued that Juarez's claim neither involved Metrocare's "use" of tangible personal property, nor was a claim for premises liability under the Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2) ("A governmental unit in the state is liable for . . . personal injury . . . so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."); § 101.022(a) ("Duty Owed: Premise and Special Defects"). Juarez opposed Metrocare's plea and amended his petition to add four additional allegations of negligent conduct, specifically addressing the "unsafe condition" of the whiteboard and conference room. Juarez clarified that because he was alleging a general negligence claim arising from the condition or use of tangible personal property, the Act waived Metrocare's immunity. *See id.* § 101.021(2). The trial court denied Metrocare's plea.

Metrocare appealed, and the court of appeals affirmed, rejecting Metrocare's arguments that Juarez's pleadings failed to demonstrate a waiver of Metrocare's immunity under either the premises liability prong or the "use" or defective "condition" prongs.

In doing so, the court of appeals considered Juarez's amended petition and concluded that his pleadings included allegations based on the unsafe "condition" of tangible personal property.

2

Though Metrocare's appellate briefs included arguments addressing all potentially relevant prongs—premises liability, use, and condition—the court of appeals determined that Metrocare's plea to the jurisdiction had "wholly failed to address Juarez's claim that the negligence claim involved the *condition* of tangible personal property." __ S.W.3d, __, __. The court of appeals noted that "[a]lthough Metrocare [has] now raise[d] arguments asserting Juarez [could] not allege a claim involving the condition of tangible personal property," the court believed that its "review [wa]s limited to the grounds set forth in [Metrocare's] plea to the jurisdiction that was before the trial court." *Id.* (citing *City of Dallas v. Turley*, 316 S.W.3d 762, 774 (Tex. App.—Dallas 2010, pet. denied)). The court also concluded that Juarez had "alleged a negligence claim involving *the condition or use* of tangible personal property." *Id.* (emphases added).

Because the court of appeals first noted that its review was "limited to the grounds set forth in the plea to the jurisdiction," which did not include the condition argument, but nevertheless concluded that Juarez "alleged a negligence claim involving the condition or use of tangible personal property," it is unclear exactly which of Metrocare's arguments the court of appeals considered or relied upon in affirming the trial court's denial of the plea. In any case, the court of appeals erred when it concluded that it could not consider jurisdictional arguments that Metrocare raised for the first time on appeal.

Shortly after the court of appeals issued its opinion, we decided *Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012). The question in *Rusk* was whether "an appellate court [could] consider on interlocutory appeal whether a governmental entity has immunity when the trial court did not address the issue first." *Id.* at 93. We decided that because immunity from suit implicates a court's

3

jurisdiction, the *Rusk* court of appeals erred when it declined to consider the state hospital's new immunity arguments on appeal. *Id.* at 91. We held that even "if immunity is *first asserted on interlocutory appeal*, section 51.014(a) [of the Texas Civil Practice & Remedies Code] does not preclude the appellate court from having to consider the issue at the outset [of its analysis] in order to determine whether it has jurisdiction to address the merits." *Id.* at 95 (emphasis added). Under *Rusk*, an appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all. *See id.* at 94.

Unlike the defendant in *Rusk*, Metrocare asserted additional grounds for immunity on appeal rather than entirely neglecting to raise its immunity defense in a plea to the jurisdiction. But because the court of appeals declined to consider Metrocare's arguments addressing Juarez's claims on the "condition of tangible personal property," yet nevertheless concluded Juarez "alleged a negligence claim involving the condition or use of tangible personal property," the court of appeals' decision does not comport with *Rusk*. __ S.W.3d at __. On remand, the court of appeals should consider all of Metrocare's immunity arguments, including those addressing the whiteboard's "condition."

To the extent that the court of appeals based its judgment on the "use" prong, this was also error, because Juarez has not demonstrated that the Act's "use" prong has waived Metrocare's immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2) ("A governmental unit in the state is liable for . . . personal injury . . . so caused by a . . . use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."). This provision "waives immunity for claims based upon the 'use' of tangible personal

4

property only when the governmental unit itself uses the property." *Rusk*, 392 S.W.3d at 97. That is, "a hospital does not 'use' tangible personal property . . . within the meaning of section 101.021(2) by merely providing, furnishing, or allowing a patient access to it." *Id.* at 98. Therefore, the hospital in *Rusk* did not "use" a plastic bag with which a patient committed suicide. *Id.*; *see also San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) (hospital did not "use" the walker and suspenders a patient used to commit suicide).

Metrocare did not "use" the whiteboard merely by making it available for use. As Metrocare points out, if displaying the whiteboard constitutes "use," immunity will be waived every time a piece of government property causes injury. If the court of appeals based its decision on the "use" prong, therefore, that was error. Of course, the court of appeals may have intended to affirm on the "condition" prong. We express no opinion on whether that provision waives Metrocare's immunity. But to the extent that the court of appeals considers the "condition" prong on remand, it must also consider all of Metrocare's relevant arguments, even those raised for the first time on appeal.

Finally, we are unclear how the court of appeals disposed of the parties' arguments concerning premises liability. *See* __ S.W.3d at __ (noting only that Metrocare had taken the "precise opposite position in the trial court" on the premises liability issue). To the extent that the court did not address any premises-liability arguments that were properly before it, it should do so on remand. We express no opinion on whether Juarez has alleged a premises-liability claim that waives Metrocare's immunity, just as we express no opinion about the "condition" prong.

Accordingly, without hearing oral argument, we grant Metrocare's petition for review, reverse the court of appeals' judgment, and remand the case to that court for further proceedings consistent with this opinion. TEX. R. APP. P. 59.1, 60.2(d).


OPINION DELIVERED: November 22, 2013