# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00296-CV

City of Bertram, Texas, Appellant

v.

Vicki Reinhardt, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-12-001873, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

M E M O R A N D U M   O P I N I O N

While employed by the City of Bertram, Vicki Reinhardt became embroiled in disputes with the City's mayor at the time, Winnette Morris. Reinhardt eventually resigned and then sued the City under the Whistleblower Act.[1] In response, the City challenged the district court's subject-matter jurisdiction to adjudicate Reinhardt's claims, asserting governmental immunity. The district court rejected the City's challenge, and the City brought this appeal from that order.[2] We must reverse the district court's order because the City has raised a new appellate-level jurisdictional

---

[1] *See generall*y Tex. Gov't Code §§ 554.001–.010.

[2] Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The City's jurisdictional challenge was styled both as a plea to the jurisdiction and a motion for summary judgment, but that nomenclature has no significance here. *See Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300 (Tex. 2011) ("[W]e have held, under section 51.014(8), that 'an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment.'") (quoting *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004)).

challenge that—at least on the present record—is meritorious. But we must also remand to afford Reinhardt an opportunity to cure this jurisdictional defect by repleading.

Before the district court, the City focused on attempting to negate, through evidence, the existence of facts that would establish various elements of Reinhardt's cause of action under the Whistleblower Act, which would also serve to defeat Reinhardt's attempt to invoke the Act's waiver of immunity.[3] Although the City reurges those same challenges on appeal, it also raises a new theory for concluding governmental immunity bars Reinhardt's suit. Namely, the City asserts that Reinhardt failed to comply (or, more precisely, failed to affirmatively present facts that would demonstrate her compliance) with the Whistleblower Act's requirement that, before suing, she "initiate action under the grievance or appeal procedures of the [City] relating to suspension or termination of employment or adverse personnel action" and allow the City sixty days in which to render a decision.[4] This grievance-initiation requirement—which is intended to enable governmental

---

[3] *See, e.g.*, *Hunt Cnty. Cmty. Supervision & Corr. Dep't v. Gaston*, 451 S.W.3d 410, 417 (Tex. App.—Austin 2014, pet. denied) ("It is now well established . . . that in order to invoke the Whistleblower Act's waiver of immunity, [a claimant must] affirmatively demonstrate facts that would be sufficient to establish (1) that she was a "public employee" as defined by the Act; and (2) each element of the cause of action the Act provides."). *See also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004) (explaining how defendants can challenge jurisdiction by negating existence of jurisdictional facts); *Gaston*, 451 S.W.3d at 418 (discussing *Miranda* analysis as applied in Whistleblower context).

[4] *See* Tex. Gov't Code § 554.006(a), (d); *Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 394–95 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Ruiz v. Austin Indep. Sch. Dist.*, No. 03-02-00798-CV, 2004 Tex. App. LEXIS 4725, at *19–20 (Tex. App.—Austin May 27, 2004, no pet.) (mem. op.).

entities to investigate and correct errors and resolve disputes before incurring the expenses of litigation[5]—is a jurisdictional prerequisite to suit under the Act.[6]

In response, Reinhardt complains of being blindsided by the City's new appellate-level jurisdictional challenge, urging that the City's filings below failed to provide sufficient notice of grounds on which the City is now relying. While Reinhardt's frustration is understandable, we are bound by *Rusk State Hospital*, in which the Texas Supreme Court held that defendants may bring—and courts must address—immunity-based jurisdictional challenges that are raised for the first time on appeal, even in the context of an interlocutory appeal like this one.[7] In the alternative, Reinhardt struggles to demonstrate her compliance with the grievance-initiation requirement on a record that was developed in light of the different jurisdictional challenges the City raised below. Reinhardt advances two basic theories of compliance. First, she insists that the City did not provide any grievance process that would have been applicable to the adverse personnel actions

---

[5] *Gayle*, 371 S.W.3d at 395.

[6] *Id.*; *Ruiz*, 2004 Tex. App. LEXIS 4725, at *19–20; *see* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). But where a party has initiated action and then sued under the Act before the expiration of the sixty-day period (as opposed to suing without initiating action at all), the Texas Supreme Court has held that the proper remedy is abatement rather than outright dismissal. *University of Tex. Med. Branch v. Barrett*, 159 S.W.3d 631, 632–33 (Tex. 2005); *see Gayle*, 371 S.W.3d at 398–99. As will become apparent shortly, our focus here is whether Reinhardt "initiated action" at all. However, in the event Reinhardt could demonstrate that she initiated action, an issue would also potentially arise regarding her compliance with the Act's sixty-day requirement.

[7] *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–97 (Tex. 2012); *see also Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) (per curiam) ("Under *Rusk*, an appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all.").

3

on which her suit is based, or at least not a "meaningful" one. Second, Reinhardt urges that she "attempted to avail herself of the process by filing a grievance on May 8, 2012, but the City failed to acknowledge or act upon her grievance."

Whether Reinhardt properly initiated a grievance or appeal under any procedures prescribed by the City, or was required to do so, necessarily begins with what those procedures were and what, if anything, those procedures required of her.[8] Aside from vague references to the existence of *some* unspecified type of "grievance" process made available with respect to *some* unspecified City employment matters, neither Reinhardt's pleadings nor any evidence in the record sets forth or otherwise explains the requirements or procedures of the City's grievance process, let alone presents facts that would establish that Reinhardt either properly initiated a grievance or was not required to do so.[9] Reinhardt's live pleadings provide only the following oblique statement: "Plaintiff attempted to avail herself of the grievance process by written complaint but the City of Bertram has failed to acknowledge or act upon her grievance." The evidence similarly falls short,[10] a fact that Reinhardt tacitly acknowledges in complaining that "the City has completely failed

---

[8] *See Gayle*, 371 S.W.3d at 396–97 (discussing *West Houston Charter Sch. Alliance v. Pickering*, No. 01-10-00289-CV, 2011 Tex. App. LEXIS 6589, 2011 WL 3612288, at *3–8 (Tex. App.—Houston [1st Dist.] Aug. 18, 2011, no pet.) (mem. op.)); *Ruiz*, 2004 Tex. App. LEXIS 4725, at *19–22.

[9] *See Gaston*, 451 S.W.3d at 418, 422 (explaining standard and scope of review regarding whether claimant has invoked jurisdiction under Whistleblower Act).

[10] *See id.* at 422 (absent sufficient pleading allegations, a Whistleblower claimant "must rely on evidence of the required [jurisdictional] facts if she is to invoke the district court's subject-matter jurisdiction") (citing *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam)).

to provide any evidence in the record of a grievance process."[11]  Contrary to Reinhardt's apparent assumption, it was she, not the City, that had the burden to present facts that would establish her compliance with the Act's grievance-initiation requirement, as with other facts necessary to invoke the district court's jurisdiction.[12]

Confined as we are to the record developed before the district court, we must conclude that Reinhardt did not meet her burden of affirmatively demonstrating facts that

---

[11] The sole "grievance" from Reinhardt that appears in the evidentiary record is actually dated March 21, 2012, and refers, without elaboration, to "Hostile Work Environment and Retaliation towards me . . . from Mayor Winnette Morris."  But Reinhardt makes no mention of this "grievance" in her appellate briefing and appears to disclaim any reliance on it, referring solely to a May 8, 2012 "grievance" that followed alleged adverse personnel actions that took place or became effective, according to Reinhardt, on May 7.  The May 8 "grievance" is not in evidence, although there is correspondence to Reinhardt from the City's law firm acknowledging the City's receipt of Reinhardt's "grievance dated May 8, 2012."  This communication also advises Reinhardt that "per the City of Bertram Personnel Policy Manual" (which is also not in the record), "a grievance against the Mayor is to be filed by a department head" (which Reinhardt was not), but that her "grievance" would be placed on the City Council agenda for May 22, 2012.  The minutes from the Council meeting that day confirm that the agenda included "Grievance letter submitted May 8, 2012 from Vicki Reinhardt against Mayor and Council Members," but that Reinhardt was not present at the meeting and had requested that the matter be postponed "until she can be present."  The minutes further reflect that counsel for the City "briefed Council on how the Personnel Policy addresses Grievances" and that the matter was ultimately tabled.  There is no allegation or evidence of any further action or attempt to elicit action on this matter before Reinhardt filed her suit in June 2012. Without further pleadings or proof regarding the specifics of the City's grievance procedures, it remains mere speculation whether these facts would establish Reinhardt's satisfaction of the Act's grievance-initiation requirement or whether those requirements applied to her.

[12]  *See Gaston*, 451 S.W.3d at 418 (citing *City of Elsa*, 325 S.W.3d at 625; *Miranda*, 133 S.W.3d at 226–28).

5

would establish her compliance with the Whistleblower Act's grievance-initiation requirement.[13] Consequently, Reinhardt has not invoked the district court's subject-matter jurisdiction, and we must therefore reverse the district court's order.

Yet this does not mean that Reinhardt's suit necessarily ends here. Even while declaring the door open to appellate-level immunity-based jurisdictional challenges, *Rusk State Hospital* also took account of the potential inequities that may arise where, as here, a claimant "may not have had fair opportunity to address jurisdictional issues by amending its pleadings or developing the record when the jurisdictional issues were not raised in the trial court."[14] In such situations, appellate courts are to consider whether the existing pleadings or evidence conclusively negate jurisdiction (as opposed to merely failing to establish it), in which case we should dismiss the suit.[15] "But if the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal . . . the defendant . . . has the burden to show either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings; or if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such

---

[13] *See Ruiz*, 2004 Tex. App. LEXIS 4725, at *19–22. *See also Fort Worth Indep. Sch. Dist. v. Palazzolo*, No. 02-13-00006-CV, 2014 Tex. App. LEXIS 291, at *13 (Tex. App.—Fort Worth Jan. 9, 2014, no pet.) (mem. op.) (holding that Whistleblower claimant failed to comply with Act's grievance-initiation requirement where he had invoked employer's grievance procedure, then "[went] on to actively circumvent the governmental entity's efforts to redress the complained-of conduct"); *Aguilar v. Socorro Indep. Sch. Dist.*, 296 S.W.3d 785, 786 (Tex. App.—El Paso 2009, no pet.) (holding that employee failed to comply with Act's grievance-initiation requirement where he filed grievance, then refused to participate in arbitration process before resigning and filing suit).

[14] *Rusk State Hosp.*, 392 S.W.3d at 96.

[15] *Id*. (citing *Miranda*, 133 S.W.3d at 227).

6

opportunity afforded."[16] Unless the governmental entity can meet this burden, the appellate court should remand the case to the trial court for further proceedings, including an opportunity for the plaintiff to cure the jurisdictional defect by repleading.[17]

While the current record falls short of affirmatively demonstrating Reinhardt's compliance with the Whistleblower Act's grievance-initiation requirement, it also does not conclusively negate the possibility that she might have complied—the jurisdictional defect, in other words, is at this stage a function of omitted facts rather than negated ones. Nor has the City demonstrated that Reinhardt had a full and fair opportunity in the district court to amend her pleadings or otherwise develop the record in regard to the Act's grievance-initiation requirement; again, there is no indication that the City ever questioned Reinhardt's compliance with this jurisdictional prerequisite prior to this appeal. Consequently, Reinhardt is entitled to a remand with opportunity to replead, unless the City has shown that Reinhardt cannot establish jurisdiction even if she is afforded that opportunity. The sole argument the City advances to this effect is that the district court erred in rejecting its other jurisdictional challenges, the ones the City actually raised at that level. These assertions do not detain us long.

Reinhardt's Whistleblower claim is predicated on allegations that in July 2011, then-Mayor Morris "instructed [Reinhardt] to falsify financial reports for the City of Bertram, certify those financial reports, and submit them to a state agency as part of a grant program." Reinhardt further alleges that in early February 2012, she "filed a written complaint" with the City's chief of police

---

[16] *Id*.

[17] *Id*. at 96–97.

recounting these events "and other issues of what she believed to be illegal actions by Mayor [Morris] with regard to the financial business of the City."[18] "Almost immediately following [her] report," Reinhardt added, the Mayor "relieved [her] of her duties, reduced her to part-time employment resulting in lost pay and benefits, and took other actions creating a hostile and intolerable work environment for [her]." There can be no serious question that a police chief and his department would suffice as an "appropriate law enforcement authority,"[19] but the City presented evidence purporting to negate (1) whether Reinhardt made a good-faith report of any actual "violation of law" and (2) whether Reinhardt's report caused any adverse personnel action against her.[20] The latter challenge emphasizes evidence to the effect that the City may have had some non-retaliatory motives for restructuring Reinhardt's job into a part-time position, but ignores contrary inferences that a fact-finder also could draw from the evidence and ultimately falls short of negating the existence of a causal link between Reinhardt's report and the personnel actions against her.[21] The

---

[18] Reinhardt further alleges, and the City has not appeared to dispute, that the police chief relayed Reinhardt's allegations to the Office of the Attorney General and that this office opened an investigation into the matter.

[19] *See Texas Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 616–17 (Tex. 2014) (citing police officer as exemplar of an "appropriate law enforcement authority") (quoting *University of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013)).

[20] *See Gaston*, 451 S.W.3d at 417–18 (summarizing elements of cause of action created by Whistleblower Act).

[21] *See Miranda*, 133 S.W.3d at 228 ("When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant. . . . We indulge every reasonable inference and resolve any doubts in the nonmovant's favor."). *See also* Tex. Gov't Code § 554.004(a) (rebuttable presumption of causation when adverse personnel action occurs within 90 days after report).

City's former challenge relies similarly on selective excerpts from Reinhardt's deposition testimony while overlooking testimony from which a fact-finder could conclude the mayor had ordered Reinhardt to create financial statements that departed from the true and actual accounting figures previously stored on the City's computer system. While the City seems to question whether such conduct would actually constitute a crime, if ultimately proven,[22] the offense of tampering with a government record would be among those that come to mind.[23]

In short, the district court did not err in rejecting the jurisdictional challenges the City raised below, and neither is a basis for concluding that Reinhardt could not establish jurisdiction if afforded the opportunity on remand to cure the defect relating to the Act's grievance-initiation requirement.[24] In light of these holdings, we remand this cause to the district court for further proceedings, including an opportunity for Reinhardt to replead.

---

[22] We emphasize that we are not deciding the ultimate merits or truth of Reinhardt's allegations of misconduct on the part of the City or its former mayor, only a question of jurisdiction, for purposes of which we must give great deference to Reinhardt's side of the story. *See Gaston*, 451 S.W.3d at 418 & n.34 ("[W]hile [the defendant governmental entity] vigorously contests numerous factual allegations made by [the Whistleblower claimant], we must give considerable deference to her side of the story for purposes of this appeal—which, again, focuses on jurisdiction, not the merits of the parties' contentions. Similarly, our references to material asserted facts should be understood in this analytical context and not as a comment on their ultimate validity or truth.").

[23] *See* Tex. Penal Code § 37.10(a) ("A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of, a governmental record; (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record; (3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record; . . . (5) makes, presents, or uses a governmental record with knowledge of its falsity . . . .").

[24] *See Rusk State Hosp.*, 392 S.W.3d at 96–97.

9

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Remanded

Filed:  August 12, 2015