**VACATE; DISMISS and Opinion Filed May 3, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00685-CV

**CITY OF HEATH, Appellant**
**V.**
**ROBERT WILLIAMSON D/B/A PCNETSYS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-19-1576**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

In this interlocutory appeal, the City of Heath challenges the trial court's order denying its plea to the jurisdiction on a breach of contract claim brought by Robert Williamson d/b/a PCNETSYS. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The City asserts that appellee's claim does not fall within the limited waiver of immunity provided by chapter 271 of the Texas Local Government Code. For reasons set out below, we agree. Accordingly, we vacate the trial court's order denying the City's plea to the jurisdiction and dismiss the suit for want of jurisdiction.

## Factual Background

On June 27, 2018, appellee presented then-City Manager Ed Thatcher with a monthly retainer agreement to provide information technology consulting services to the City. The agreement, whose term ran from July 1, 2018 through October 1, 2021, provided in part as follows:

> For a monthly retainer of $3500 I will provide to the City of Heath information technology consulting services as may be required by the City. These services will be executed on-site and/or off-site as is appropriate for the service or task required at the time. This fee will cover all required information technology consulting services. There will be no additional fees for any information technology consulting services.

The agreement also addressed projects outside the scope of the agreement and fees for services performed outside of normal business hours. Thatcher signed the agreement.

For several months thereafter, appellee performed consulting services and was paid by the City. Nine months into the agreement, however, the City gave him written notice that it was terminating the agreement effective April 30, 2019.

Appellee sued the City for breach of contract, alleging the City gave him notice it would no longer use him and hired a different party to provide the information technology services that it "continues to require." As damages, appellee

sought lost profits and "loss of the benefit/expectation of the contract."[1] In a supplemental petition, appellee alleged that the City waived its immunity under chapter 271 of the local government code.

The City filed an answer and plea to the jurisdiction, asserting section 271.152's limited waiver of immunity for contract claims did not apply because (1) the City's governing body never "properly executed" the contract and (2) the contract is void because it creates an unconstitutional debt under article XI, sections 5 and 7 of the Texas Constitution. Appellee filed a response, and both sides presented evidence in support of their positions. After considering the plea, appellee's response, the respective briefs, and the evidence, the trial court denied the plea. This appeal followed.

STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's jurisdiction to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of the plea is to defeat a claim without regard to whether it has merit. *Id.* We review a trial court's order denying a jurisdictional plea based on governmental immunity de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

___

[1] Appellee also alleged a cause of action for promissory estoppel, seeking damages incurred as a result of his detrimental reliance on the promise that the City would continue to use his services "as required" through October 1, 2021. In his brief, appellee asserts he withdrew this claim; thus, we need not address it.

In performing our de novo review, we consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in the plaintiff's favor and look to the pleader's intent. *Brown*, 80 S.W.3d at 555.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The trial court must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If there is a fact issue on the jurisdictional issue, the trial court must deny the plea. *Id*. at 227–28. However, if the evidence is undisputed or if the plaintiff failed to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## DISCUSSION

Below and on appeal, appellee has interpreted his contract to mean that he was entitled to payment of the monthly retainer fee only if he provided the services

–4–

during that month; in other words, if the City chose not to use his services for a month, or more, there would be no obligation to pay. Further, he presented evidence that he was paid for all services he provided.

The City argues that, given appellee's construction of his own contract, he has failed to plead any direct damages because there are no damages owing or payable under the terms of the contract. Consequently, the City argues, appellee has failed to plead a viable contract claim within the City's limited waiver of immunity under chapter 271.[2]

Section 271.152 provides a limited waiver of immunity for contract claims against governmental entities. It provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. A "[c]ontract subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2)(A). The statute's plain language

---

[2] The City raises this specific argument for the first time on appeal. An appellate court "must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all." *Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) (per curiam); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–97 (Tex. 2012).

–5–

waives a governmental entity's immunity from suit for breach of a written contract. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

To trigger section 271.152's waiver of immunity, though, a party must claim damages within the limitations set out in section 271.153. *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 110–11 (Tex. 2014) ("[Chapter 271] does not waive immunity from suit on a claim for damages not recoverable under Section 271.153."). As relevant here, section 271.153 limits recoverable damages to "the balance due and owed by the local governmental entity under the contract." TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1). A "balance due and owed" is "simply the amount of damages for breach of contract payable and unpaid." *Zachry*, 449 S.W.3d at 111. Consequential damages, however, are excluded from recovery, except for under circumstances not applicable here. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(b)(1).

In *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006), the Texas Supreme Court considered whether the plaintiffs' contract claim fell within the statute's limited waiver of immunity. There, Judy Tooke and her husband, Everett, entered a three-year contract with the City of Mexia to furnish labor and equipment for collecting brush and leaves curbside in the City. *Id*. at 329. The City terminated the contract fourteen months later, and the Tookes sued for breach of contract, "asserting that they had relied on a three-year term in purchasing equipment." *Id*. at 330. The

Tookes claimed unspecified damages but, at trial, sought jury findings only on lost profits and attorney's fees, which the jury awarded. *Id.*

While the case was pending on appeal, the legislature enacted sections 271.151–.160 of the local government code, waiving immunity from suit for contract claims against most local government entities in certain circumstances. *Id.* at 344. The supreme court, applying the statute retroactively, determined that the Tookes' only claim was for lost profits, which were consequential damages excluded from recovery under the statute. *Id.* at 345–46. Thus, the court concluded that the City's immunity from the Tookes' claim had not been waived. *Id.* at 346. The court noted that the Tookes did not claim the City failed to pay for work they had already performed; rather they sought recovery only for lost profits they would have made had the contract remained in place. *Id.* at 346.

Similarly here, appellee is not alleging that he has not been paid for work he performed; in fact, the pleadings and evidence establish the contrary. Appellee and Thatcher both testified by affidavit that appellee had been paid for the services he provided. In addition, appellee's petition sought damages for "lost profits, and loss of the benefit/expectation of the contract." Consequently, the record shows appellee is seeking to recover the monies he would have made had the contract continued throughout its term, which, under *Tooke*, is a damage excluded under the statute. *See id.*; *see also La Joya Indep. Sch. Dist. v. Trevino*, No. 13-17-00333-CV, 2019 WL 1487358, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2019, pet. dism'd)

–7–

(mem. op.) (concluding that plaintiff's breach of contract claim seeking recovery of fees and commissions he would have earned for future services had contract continued through end of term constituted lost profits, which were consequential damages excluded from recovery under section 271.153). We conclude that appellees' pleadings do not invoke chapter's 271's limited statutory waiver of immunity for breach of contract claims. We sustain the City's issue regarding damages.

Appellee requests that, in the event this Court concludes the plea should be granted, we remand to allow him to "conduct targeted discovery and to amend its pleadings based on such discovery." In particular, appellee seeks to discover additional evidence on whether the City approved or ratified the contract. We note that appellee filed two supplemental petitions after the City filed its plea.

Appellate courts generally must remand a case to afford parties an opportunity to cure jurisdictional defects in their pleadings when the parties did not have that opportunity in the first instance because the jurisdictional issue arose for the first time on appeal. *See Rusk State Hosp*., 392 S.W.3d at 96–97. Here, however, the jurisdictional bar does not arise from a lack of factual allegations but from the nature of the claim and the damages sought. Even if we assume the City approved or ratified the contract, we have determined that the damages sought do not fall within the limited waiver of immunity, and additional evidence regarding approval or ratification of the contract would not change that result. Moreover, appellee has not

–8–

attempted to explain what damages he could seek that would fall within the statute, given his construction of his contract and his admission that he has been paid for his services. Accordingly, we conclude appellee is not entitled to an additional opportunity to amend his pleadings. *See Trevino*, 2019 WL 1487358 (denying opportunity to replead where breach of contract pleadings affirmatively negated existence of jurisdiction).

We vacate the trial court's order denying the City's plea to the jurisdiction and dismiss the suit for want of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200685F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CITY OF HEATH, Appellant

No. 05-20-00685-CV          V.

ROBERT WILLIAMSON D/B/A
PCNETSYS, Appellee

On Appeal from the 439th Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-19-1576.
Opinion delivered by Justice
Reichek; Justices Schenck and
Carlyle participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's order denying the City of Heath's plea to the jurisdiction and **DISMISS** the suit for want of jurisdiction.

It is **ORDERED** that appellant CITY OF HEATH recover its costs of this appeal from appellee ROBERT WILLIAMSON D/B/A PCNETSYS.

Judgment entered May 3, 2021