**Reversed and Rendered and Memorandum Opinion filed June 24, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00768-CV

## CITY OF HOUSTON, Appellant

## V.

## ERIC ALBERT GONZALES, Appellee

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-50246**

## MEMORANDUM OPINION

In one issue, appellant City of Houston challenges the trial court's denial of its rule 91a motion to dismiss based on lack of jurisdiction.[1] We conclude that the trial court lacked jurisdiction over appellant Eric Albert Gonzales's claims, reverse the trial court's order, and render judgment dismissing the claims.

Gonzales was working in his yard when a City crane operator arrived to pick

---

[1] Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. Tex. R. Civ. P. 91a.1.

up yard waste. Gonzales asked the crane operator to wait while Gonzales finished gathering up branches. The crane operator purportedly responded rudely, which led to an argument between the two men. According to Gonzales, the crane operator "swung the crane arm dangerously close" to him.

Gonzales sued the City, asserting a negligence claim. In his original petition, Gonzales alleged only that the crane operator intentionally swung the crane arm to strike Gonzales or to scare him away. The City filed a rule 91a motion to dismiss, asserting immunity from suit because Gonzales described an intentional tort for which the City's immunity had not been waived. Gonzales amended his petition to allege that the crane operator either intentionally swung the crane arm to scare Gonzales or negligently swung it to get away quickly. In his response to the rule 91a motion, Gonzales argued that under his amended petition, his claim sounded in negligence. The trial court denied the motion.

On interlocutory appeal, the City challenges the trial court's denial of its rule 91a motion on the basis that the trial court lacked jurisdiction over Gonzales's claim because the City's immunity from suit has not been waived. The City as a local governmental entity enjoys governmental immunity from suit unless immunity is expressly waived. Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). Immunity from suit implicates a court's subject matter jurisdiction over pending claims, so if a governmental entity validly asserts that it is immune from a pending claim, the court lacks jurisdiction over that claim. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). In other words, immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). In that connection, we "consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all." *Dallas Metrocare Servs.*

2

*v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013).

Immunity from suit may be asserted through a plea to the jurisdiction or another procedural vehicle such as a rule 91a motion. *City of Houston v. Reyes*, No. 14-19-00291-CV, 2021 WL 1685230, at *2 (Tex. App.—Houston [14th Dist.] Apr. 29, 2021, no pet. h.); *see also Barnes v. Harris Cty.*, No. 14-18-00329-CV, 2019 WL 5444276, at *1 (Tex. App.—Houston [14th Dist.] Oct. 24, 2019, no pet.) (mem. op.). We review rule 91a motions like pleas to the jurisdiction. *See Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. *Id.* Whether a pleader has alleged facts that demonstrate jurisdiction is a question of law that we review de novo. *Id.*

Gonzales alleges the City's immunity from liability was waived under the Texas Tort Claims Act for "personal injury . . . proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment [arising] from the operation or use of a motor-driven vehicle or motor-driven equipment." *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). Gonzales does not dispute that the Torts Claims Act does not waive immunity for intentional torts. *See id.* § 101.057(2). But in his amended petition, Gonzales alleged the crane operator was negligent because he purportedly swung the crane arm dangerously close to Gonzales to get away from Gonzales. Gonzales concedes that he was not injured though: he alleged, "Fortunately, Plaintiff jumped out of the way in time and avoided the heavy crane arm swinging towards him. . . . If Plaintiff had not quickly jumped out of the way, he would have been struck." Thus, Gonzales alleged no physical injury.

3

There is no general duty in Texas not to negligently inflict emotional distress. *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 94-95 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993)). For negligence claims, the only exception is for bystanders who witness a close family member's death or serious injury. *Godfrey v. BP Prods. N. Am., Inc.*, No. 14-08-00857-CV, 2009 WL 2589476, at *2 n.1 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.) (citing *Verinakis*, 987 S.W.2d at 95).

Here, Gonzales admits he was not physically injured, and he does not assert a bystander claim. Thus, he has not alleged a personal injury caused by the crane operator's negligence that would waive the City's immunity from liability and suit. Accordingly, the trial court lacks subject matter jurisdiction over Gonzales's negligence claim. Gonzales complains that the City did not amend its rule 91a motion below to assert that the City had immunity from Gonzales's negligence claim. But we are required to address this ground for immunity raised by the City on appeal because it implicates the trial court's subject matter jurisdiction. *See Dallas Metrocare Servs.*, 420 S.W.3d at 41.

We conclude Gonzales's negligence claim has no basis in law or fact under rule 91a because the City's immunity from suit was not waived under the Tort Claims Act and the trial court lacked jurisdiction over the claim. We sustain the City's sole appellate issue. We reverse the trial court's order denying the rule 91a motion and render judgment dismissing Gonzales's claims against the City for want of jurisdiction.

/s/    Frances Bourliot
Justice

Panel consists of Justices Wise, Bourliot, and Spain.