COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ROBERTINA RANSOM, | § | No. 08-22-00063-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| UNIVERSITY OF TEXAS AT EL PASO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2020DCV1513) |

## MEMORANDUM OPINION

In this premises liability case, Ransom appeals from a plea to the jurisdiction and traditional motion for summary judgment granted in favor of the University of Texas at El Paso (UTEP). In seven issues, Ransom challenges the trial court's findings of fact and conclusions of law as related to: Ransom's status as either licensee or invitee; UTEP's knowledge of the dangerous condition; and the application of the recreational use statute. Assuming without deciding Ransom was an invitee, we determine there is no genuine issue of material fact as to whether UTEP had constructive knowledge of the dangerous condition. We affirm.

## I. BACKGROUND

In June 2019, Ransom attended her son's graduation at the Don Haskin's Center on UTEP's campus. After the graduation, Ransom and her family planned to meet in a grassy area on the campus to take photos. While walking on the grass, Ransom stepped into a hole and fell to her

knees. Despite being in pain, Ransom was able to get up and take the family photos as planned. After the photos, Ransom and her family left UTEP's campus. Later that day, Ransom and her husband returned to UTEP to report the hole. Ransom reported the incident to a security guard and showed her the hole. Ransom's husband described the hole as follows: "It -- it just looked like grass. It was like a hidden hole. It was bizarre." The hole was not measured, but Ransom's husband estimated it was two to three inches deep. The security guard placed an orange cone over the hole to prevent others from stepping into it.

A. **Procedural Background**

Ransom filed suit against UTEP alleging the Texas Tort Claims Act waived governmental immunity for the premises liability claim. UTEP asserted a general denial to the claim and raised a plea to the jurisdiction. After some discovery, UTEP filed a brief in support of its plea to the jurisdiction, motion to dismiss, and traditional motion for summary judgment with jurisdictional evidence attached. UTEP's jurisdictional evidence included an affidavit from Jesus Carrillo, UTEP's Director of Facilities Services, stating there were no work orders documenting work performed in the area near the hole. Further, there were no sprinkler lines in the area. Finally, Carrillo could not find any records complaining of holes in the area. UTEP also attached affidavits from other employees which all stated they undertook to search for records of any dangerous conditions in the area, including holes, and could not find any. These affidavits also indicated there were no records of slip-and-falls implicating a hole in this area.

Ransom filed an amended petition with attached exhibits and a response to UTEP's brief. UTEP filed a reply to Ransom's response.

B. **Trial Court's Rulings**

2

After a hearing without witnesses, the trial court granted UTEP's plea to the jurisdiction, motion to dismiss, and traditional motion for summary judgment and dismissed Ransom's claims with prejudice. The trial court filed findings of fact and conclusions of law. It specifically concluded that UTEP owed Ransom the duty of care owed to a licensee, UTEP did not have actual knowledge of the hole, UTEP did not have constructive knowledge of the hole, and UTEP retained immunity to Ransom's claim under the Texas Tort Claims Act. This appeal followed.

## II. DISCUSSION

Ransom raises seven issues separated into three groups. First, Ransom claims the trial court erred in granting UTEP's plea to the jurisdiction and traditional motion for summary judgment based on her status as a licensee because the evidence raised issues of fact as to whether Ransom was an invitee or licensee. Second, Ransom claims the trial court erred when it granted UTEP's plea to the jurisdiction and traditional motion for summary judgment based on UTEP's lack of actual knowledge of the dangerous condition because the evidence raised issues of fact as to whether UTEP knew or should have known of the dangerous condition. Finally, Ransom claims the trial court erred when it granted UTEP's plea to the jurisdiction and traditional motion for summary judgment based on the recreational use statute because the evidence raised issues of fact as to whether Ransom was involved in recreation.[1]

### A. Standard of Review and Sovereign Immunity

We review a trial court's grant of a plea to the jurisdiction de novo. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). A plea to the jurisdiction is a dilatory

---

[1] Though UTEP originally raised a recreational-use statute argument in its motion, the trial court's findings of fact and conclusions of law did not address the statute, and UTEP no longer contends it applies.

plea by which a party challenges the trial court's subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Blue*, 34 S.W.3d at 554. The trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Id*. If the evidence presents a jurisdictional fact question, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id*. at 227-28. If, however the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction may be ruled on as a matter of law. *Id*. at 228.

We review a trial court's grant of summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Summary judgment is appropriate when the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a. When a movant meets the burden of establishing each element of the claim on which it seeks summary judgment, the non-movant bears the burden of disproving or raising a fact issue as to at least one of those elements. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

4

A genuine issue of material fact has been raised if reasonable and fair-minded jurors could differ in their conclusions considering all the summary judgment evidence. *Lujan v. Navistar Financial Corp.*, 433 S.W.3d 699, 704–05 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Goodyear Tier & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam)). In deciding whether a genuine issue precludes summary judgment, we must treat all evidence favorable to the non-movant as true, indulge every reasonable inference, and resolve all doubts in its favor. *Herrera v. Resignato*, 621 S.W.3d 835, 840 (Tex. App.—El Paso 2021, no pet.) (citing *Sw Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

Divisions of state government, including state universities, enjoy sovereign immunity from lawsuits, except where the legislature waives the immunity and consents to suit. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund.*, 212 S.W.3d 320, 324 (Tex. 2006). Sovereign immunity includes immunity from liability and immunity from being sued. *Id*. (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). Immunity from suit deprives a trial court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. It is the plaintiff's burden to demonstrate the trial court has jurisdiction to hear the case, which, in cases against a government unit, includes showing the entity waived its sovereign immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). One of the causes of action for which the Legislature has waived sovereign immunity is a claim for premises liability arising from a premise defect. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). In such a case, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id*.

5

**B.** **Analysis**

Ransom's first, second, and third issues challenge the trial court's finding that Ransom was a licensee not an invitee. Landowners owe licensees and invitees distinct duties. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). "The duty owed to a licensee on private property requires that 'a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016) (quoting *Payne*, 838 S.W.2d at 237). In contrast, the duty owed to an invitee on private property "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *Payne*, 838 S.W.2d at 237. For purposes of this decision, we assume without deciding that Ransom was an invitee.[2]

Ransom's fourth and fifth issues challenge the trial court's finding that UTEP had no knowledge of the dangerous condition by arguing the evidence raises genuine issues of material fact as to UTEP's constructive knowledge.[3] The core of a landowner's duty to an invitee depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal, and a landowner bears no liability "for deterioration of its premises unless it knew of or by

---

[2] Therefore, we do not reach Ransom's first, second, or third issues.

[3] Ransom also contends UTEP "waiv[ed] any challenge" to its constructive knowledge of the hole because its plea to the jurisdiction purportedly failed to assert "jurisdictional or merits-based facts on the elements of Ransom's premises defect claim" assuming she was an invitee. That argument is without merit because the record reflects UTEP in fact did raise these arguments before the trial court. However, even assuming UTEP had not challenged constructive knowledge at the trial court level, on appeal, we "must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all." *Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013).

reasonable inspection would have discovered the deterioration." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).

To satisfy the knowledge element, a plaintiff must establish that (1) the defendant caused the condition, (2) the defendant had actual knowledge of the condition, or (3) it is more likely than not that the condition existed long enough to give the defendant a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The Texas Supreme Court has held that the time-notice rule applies to all premises liability cases and is not limited to slip and falls. *Reece*, 81 S.W.3d at 816. The length of time necessary to give the defendant a reasonable opportunity to discover the condition varies depending on the facts and circumstances of each case. *City of Fort Worth v. Posey*, 593 S.W.3d 924, 931 (Tex. App.—Fort Worth 2020, no pet.). It may, for example, shorten the length of time necessary if the condition is conspicuous or the defendant's employees were routinely near a less conspicuous condition. *Id*. "Thus, when determining whether a defendant had constructive knowledge of a hazardous condition, the court may consider evidence of (1) the duration of the condition, (2) the employees' proximity to and interaction with it, (3) the condition's conspicuousness, and (4) any other relevant circumstances." *Id*.

UTEP denied it caused or had actual knowledge of the hole. UTEP did not have any records indicating work that would have required digging a hole in the area before Ransom fell. Nor did UTEP have any records reporting a hole in the area. Ransom did not present any evidence to raise a genuine issue of material fact as to whether UTEP caused or had actual knowledge of the hole. Therefore, we consider whether the condition existed long enough to give UTEP a reasonable opportunity to discover it.

7

The Texas Supreme Court has held "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Reece*, 81 S.W.3d at 816. In *CMH Homes, Inc.*, the Texas Supreme Court considered a premises liability case wherein an invitee plaintiff was injured using unsecured steps to deliver items to the defendant. 15 S.W.3d at 98–99. Even though the defendant had actual knowledge the unsecured steps would eventually deteriorate and, at that time, present an unreasonable risk of injury, the Court held that "an owner or occupier is not liable for deterioration of its premises unless it knew of or by reasonable inspection would have discovered the deterioration." *Id*. at 101. The Court held that the plaintiff could not prove the defendant had constructive knowledge because there was no evidence the defendant failed to regularly inspect the steps or that the steps had been unstable for a sufficient time for the defendant to have constructive notice. *Id*. at 102.

Similarly, although Ransom points to UTEP's director of facilities' testimony acknowledging that holes or natural depressions occurred naturally over time, she presented no direct evidence regarding how long the condition (*i.e.*, a hole in the grass) had been present before her fall. A security person who helped Ransom the day of her fall testified at her deposition the conditions "looked like a hole that had been there for a little bit." When asked whether the condition looked like it was there for the first time on the day of Ransom's fall or could have been there for a while before, the security person admitted she did not know. There had been no reports of a hole before Ransom's fall. Further, UTEP's director of facilities testified at his deposition the lawn was mowed on a weekly basis. He further testified that the maintenance personnel who mow

8

the lawns will fill in any holes or depressions they consider to be unsafe. No records documented a hole in that area before Ransom's fall.

Further, the hole was not conspicuous. Ransom's husband testified at his deposition the hole was covered by grass and described it as "a hidden hole." After she fell, Ransom returned to UTEP. Ransom testified she found the hole when she saw something which did not match the rest of the grass and poked at it. When asked to identify the condition in a picture of the area, Ransom stated "I don't see a hole, but I do see something."

The hole, which Ransom and her husband described as hidden and covered, was not conspicuous. Further, no evidence was presented, by Ransom or UTEP, as to how long the hole had been present. Though there was evidence UTEP employees mowed the lawn weekly, there was no evidence that the hole was present when the lawn was mowed or that even if it were, that UTEP personnel would have discovered it while mowing.

Therefore, there is no genuine issue of material fact as to whether UTEP knew or should have known the hole because it existed long enough to give UTEP a reasonable opportunity to discover, rectify, or warn about it, or was conspicuous. In short, even assuming Ransom was an invitee—and UTEP thus owed her a greater duty of care than a licensee—UTEP retains its immunity from suit and liability because there is no genuine issue of material fact as to whether UTEP had actual or constructive knowledge of the hole.

We overrule Ransom's fourth and fifth issues. These issues resolve the appeal; therefore, we do not reach Ransom's remaining issues.

## CONCLUSION

For the reasons stated above, the trial court's judgment is affirmed.

9

YVONNE T. RODRIGUEZ, Chief Justice

May 15, 2023

Before Rodriguez, C.J., Palafox, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.)(Sitting by Assignment)