

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00577-CV

———————————————

Town of Northlake, Texas, and Mayor Brian Montini, Appellants

V.

George Roland, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-7363-467

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

This interlocutory appeal[1] concerns the interplay between the Texas Public Information Act (TPIA)[2] and Texas Code of Criminal Procedure Article 2.1396,[3] which provides that a person stopped or arrested on suspicion of an intoxication offense is entitled to receive a copy of certain video footage made by or at the direction of a peace officer as part of the stop or arrest. *See* Tex. Gov't Code Ann. §§ 552.001–.376; Tex. Code Crim. Proc. Ann. art. 2.1396. Relying on Article 2.1396, attorney and Appellee/Cross-Appellant, George Roland, sued Appellant, Town of Northlake, Texas (the Town), and its mayor and Cross-Appellee, Brian Montini (the Mayor),[4] for failing to produce the video of his client and for characterizing his request as a public information request. The Town and the Mayor later filed a plea to the jurisdiction, urging that Roland's claim was moot because the Town had released

---

[1]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (authorizing an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit).

[2]The TPIA guarantees access to public information, subject to certain exceptions. *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011).

[3]Effective January 1, 2025, Article 2.1396 is found at Texas Code of Criminal Procedure Article 2B.0154. *See* Act of June 12, 2023, 88th Leg., R.S., ch. 765, H.B. 4504, § 3.001(1). Because this case was filed before the effective date of the amendments, we will refer to the provision as Article 2.1396.

[4]While the Town and the Mayor refer to themselves as "Appellants" in the style and in their briefs, only the Town and Roland filed notices of appeal.

the video in accordance with an Attorney General's decision and because both were entitled to immunity. After the trial court granted the Mayor's plea to the jurisdiction but denied the Town's plea to the jurisdiction, both the Town and Roland appealed. We will affirm the order granting the Mayor's plea to the jurisdiction, reverse the order denying the Town's plea to the jurisdiction, and render judgment that Roland's claims against the Mayor and the Town are dismissed.

## II. BACKGROUND

### A. Roland's Request for the Intoxication Video of His Client, the Town's Response, and Roland's Suit

Roland's client was arrested for an intoxication offense in July 2024. Shortly thereafter, Roland requested a copy of the video involved in the arrest. Specifically, Roland's email to the Town's police department sought, "pursuant to Texas Code of Criminal Procedure art. 2.1396[,] . . . copies of all audio and/or video recordings, including bodycamera, dashcamera, and surveillance, if any, related to [the] arrest" of his client.

In response, Valerie Strubelt—the Town's police department records clerk— asked that Roland submit the request through the Town's website to "better ensure[] that the information gets to you in a timely manner and better track[] that we have completed your request as well." As instructed, Roland made his request through the Town's information portal, and a receipt was sent to Roland acknowledging his request.

3

Approximately two weeks later, Roland received a copy of a request for an Attorney General's decision that was made by the Town's attorney in response to Roland's request. *See* Tex. Gov't Code Ann. § 552.301(a) (providing that a governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions of the TPIA "must ask for a decision from the attorney general about whether the information is within that exception"), (e–1) (providing that the governmental body must send a copy of the written comments submitted to the attorney general to the person who requested the information from the governmental body). After failing to receive the requested video, Roland filed suit against the Town, asserting "causes of action" for (1) mandamus compelling the Town to disclose the video "which is not and never has been public information but required to be disclosed pursuant to the Texas Code of Criminal Procedure" and (2) permanent injunction "enjoining [the Town] from ever characterizing in the future any request made pursuant to Texas Code of Criminal Procedure art. 2.1396 by any proper individual or entity as any type or form of a public information request pursuant to the Texas Government Code."

## B. The Attorney General's Decision

After Roland filed suit, the Attorney General issued a decision regarding the Town's request. *See* Tex. Att'y Gen. OR2024-035166. In its ruling, the Attorney General noted that the body-worn-camera recordings were subject to Chapter 1701 of

the Occupations Code, were not properly requested,[5] and need not be released. *Id.* However, "the portions of the remaining video recordings that depict the stop, the arrest, the conduct of the requestor's client, or a procedure in which a specimen of the blood or breath of the requestor's client is taken pursuant to article 2.1396 of the Code of Criminal Procedure" must be released. *Id.* Finally, according to the Attorney General, the Town's police department "may withhold the remaining information under section 552.108(a)(1) of the Government Code."[6] *Id.*

_____

[5]Section 1701.661 of the Texas Occupations Code—which was in effect when this case was filed—provides, in relevant part, the following:

(a) A member of the public is required to provide the following information when submitting a written request to a law enforcement agency for information recorded by a body worn camera:

(1) the date and approximate time of the recording;

(2) the specific location where the recording occurred; and

(3) the name of one or more persons known to be a subject of the recording.

Tex. Occ. Code Ann. § 1701.661. Effective January 1, 2025, Section 1701.661 is found at Texas Code of Criminal Procedure Article 2B.0112. *See* Act of June 12, 2023, 88th Leg., R.S., ch. 765, H.B. 4504, § 3.001(7).

[6]Section 552.108(a)(1) of the Texas Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . release of the information would interfere with the detection, investigation, or prosecution of crime[.]" Tex. Gov't Code Ann. § 552.108(a)(1).

## C. The Town's Plea to the Jurisdiction

After answering the lawsuit, the Town filed its plea to the jurisdiction, asserting that after suit was filed, the Attorney General had issued a ruling and that pursuant to the ruling, the Town had "withheld all body worn camera recordings and removed all portions of the remaining videos that did not depict [Roland's] client" and mailed the redacted videos to Roland one week later. Therefore, the Town asserted that Roland's claims were moot and that neither the TPIA nor the Uniform Declaratory Judgments Act [UDJA] waived immunity. *See* Tex. Gov't Code Ann. §§ 552.001–.376; Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011. The Town requested dismissal of the lawsuit.

## D. Roland's Amended Pleadings and the Town and the Mayor's Amended Plea to the Jurisdiction

Roland amended his pleadings, adding the Mayor as a defendant and asserting an ultra vires cause of action.[7] Roland continued to seek a mandamus regarding his client's video, an injunction regarding any future requests under Article 2.1396, and attorney's fees. In the amended pleadings, Roland asked the trial court "to declare those actions [of the Town and the Mayor] as violating the Texas Code of Criminal

---

[7]"An ultra vires action is one in which the plaintiff seeks relief in an official-capacity suit against a government actor who allegedly has violated statutory or constitutional provisions by acting without legal authority or by failing to perform a purely ministerial act." *Lazarides v. Farris*, 367 S.W.3d 788, 800 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Procedure which is clear on its face as to the duties of Defendants and the rights of Plaintiff."

The Town and the Mayor then filed their amended plea to the jurisdiction, asserting that Roland's claim was moot as the video had been released and that Roland had not pleaded facts waiving immunity. With regard to the Mayor, the plea asserted that Roland had failed to properly plead an ultra vires claim, arguing that "Mayor Montini is not involved in the processing of public information requests by the Town, nor was he involved in processing [Roland's] request." Several exhibits were attached to the plea, including ones showing that Strubelt, the "Records Clerk" for the Town's police department, was the "Assigned Staff" who responded to Roland's request. In addition, an affidavit from a legal assistant for the Town and the Mayor stated that on October 17, 2024, "one flash drive containing two redacted dash camera recordings" was mailed to Roland together with the Attorney General's decision responding to the Town's request.

Roland responded to the plea, and the trial court set the matter for hearing. At the hearing, the trial court took judicial notice of its file, but no other evidence was admitted. Initially, the trial court granted the amended plea and entered an order dismissing the case with prejudice.

However, later the same day, the trial court signed an order vacating the order granting the plea and noting that the "order [was] to be revised." Three days later,

7

Roland amended his pleadings, added Strubelt as a defendant,[8] and removed his request for mandamus relief.

## E. Order Granting and Denying the Amended Plea to the Jurisdiction, and the Town's and Roland's Notices of Appeal

Ultimately, the trial court entered an order granting the Mayor's amended plea to the jurisdiction and denying the Town's amended plea to the jurisdiction. Both the Town and Roland appealed from that order.

## III. DISCUSSION

In two issues in their combined brief, the Town and the Mayor contend that (1) the trial court erred in denying the Town's amended plea to the jurisdiction "where [Roland] failed to comply with any requirements of the [TPIA] when requesting mandamus and a permanent injunction against the Town for its processing of requests for public information"[9] and (2) the trial court correctly granted the Mayor's

---

[8]In his brief, Roland notes that Strubelt has not been served. This appeal stayed all of the proceedings in the trial court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).

[9]While the Town's first issue does not specifically mention immunity, the Town contended in the argument part of its brief that even if the TPIA does not apply, Roland's claim does not fall within a waiver of the Town's governmental immunity. In addition, the amended plea to the jurisdiction heard by the trial court included arguments related to governmental immunity. Therefore, we will consider the immunity argument under the Town's first issue. *See Gill v. Hill*, 688 S.W.3d 863, 869 (Tex. 2024) (stating that "briefs do not have to perfectly articulate every point of law to preserve arguments that are fairly subsumed in the issue addressed"); *see also* Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary issue that is fairly included.").

amended plea to the jurisdiction "where the Mayor has no authority under the Town Charter to process requests for information received by the Town and [Roland's] pleading did not raise any facts indicating the Mayor acted at all in responding to the request for information."[10] In one issue in his cross-appeal, Roland states that the trial court erred in granting the Mayor's plea to the jurisdiction "as there is no evidence that the trial court lacked jurisdiction over an ultra vires claim."

## A. Standard of Review and Applicable Law

Subject-matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

We review de novo a trial court's ruling on a plea to the jurisdiction. *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). In our review, we look to the pleader's intent to determine whether the facts alleged affirmatively

---

[10]While the "Issues Presented" section of the Town's brief lists this second issue, the issue is more of a response to Roland's appeal rather than a complaint regarding the trial court's ruling. *See* Tex. R. App. P. 38.1(f) ("The brief must state concisely all issues or points presented for review."). Moreover, the argument section of the Town's brief does not contain any argument relating to this issue, and the Town's prayer only requests relief as to the Town. Therefore, we will construe the Town's second issue as a response to Roland's cross-notice of appeal.

demonstrate the trial court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Governmental immunity protects the state's political subdivisions, including its cities, against suits and legal liability. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Cities retain immunity unless the Legislature clearly and unambiguously waives it. *Dohlen*, 643 S.W.3d at 392; *see Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (stating that political subdivisions of the state are entitled to governmental immunity absent legislative waiver). Immunity "shield[s] the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

Under the TPIA, the Legislature has waived sovereign and governmental immunity to permit requestors to file suit for a writ of mandamus seeking to compel a governmental body to make information available for public inspection. *AIM Media Tex., LLC v. City of Odessa*, 663 S.W.3d 324, 334 (Tex. App.—Eastland 2023, pet. denied); *see* Tex. Gov't Code Ann. § 552.321(a) ("A requestor . . . may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body . . . refuses to supply public information . . . ."). But immunity is not waived under the TPIA for the *delay* in releasing requested information. *AIM Media Tex., LLC*, 663 S.W.3d at 334.

Therefore, "mandamus compelling the ongoing, timely production of information is not available . . . under the TPIA."[11] *Id.*

Even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engages in ultra vires conduct. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). A plaintiff in an ultra vires suit must "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "Ministerial acts" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). Conversely, "discretionary acts" are those that "require the exercise of judgment and personal deliberation." *Id.*

"In cases in which the alleged ultra vires conduct is governmental inaction, a court may issue a writ of mandamus compelling action to bring the official into conformance with the law." *City of Houston v. Hous. Mun. Emps. Pension Sys.*,

---

[11]Section 552.3215 of the TPIA provides another statutory waiver of immunity by authorizing declaratory relief. *Id.* (citing *City of Georgetown v. Putnam*, 646 S.W.3d 61, 70 (Tex. App.—El Paso 2022, pet. denied)); *see* Tex. Gov't Code Ann. § 552.3215; *see also Paxton v. City of Dallas*, 509 S.W.3d 247, 252 (Tex. 2017) ("The [TPIA] further authorizes certain local or state officials to seek declaratory or injunctive relief based on a complaint by 'a person who claims to be the victim of a [TPIA] violation,' but only after the governmental body is afforded notice and fails to timely cure the alleged violation." (quoting Tex. Gov't Code Ann. § 552.3215)). Roland has made no such request for declaratory relief under Section 552.3215.

11

549 S.W.3d 566, 576 (Tex. 2018). If, however, the actions alleged to be ultra vires were not truly outside the officer's authority or in conflict with the law, the plaintiff has not stated a valid ultra vires claim and therefore has not bypassed immunity. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

## B. Analysis

### 1. Mandamus—the request for specific information

Under its first issue, the Town argues that Roland's mandamus claim is moot because the Town has released the "responsive information in accordance with the Attorney General's ruling." Because the claim is moot, the Town contends that the trial court erred in failing to dismiss Roland's claims. Roland agreed in his response to the amended plea to the jurisdiction that his initial request for mandamus relief had "become moot." Moreover, on appeal, Roland states that he "can think of no viable reason this argument was included as the request for writ of mandamus has been removed in this matter as a result of the [Town] producing the videos requested under article 2.1396." However, Roland's amended pleadings removing his request for mandamus relief were not filed until after the hearing on the amended plea to the jurisdiction.

Mootness deprives a court of subject-matter jurisdiction. *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100–01 (Tex. 2006). "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's

12

outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021). If a controversy ceases to exist at any stage of the proceedings, the issues presented are no longer "live" and the case becomes moot, thereby depriving a court of subject-matter jurisdiction. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *see City of Georgetown*, 646 S.W.3d at 72 ("Courts have uniformly held that a plaintiff's claims for both injunctive and declaratory relief under the [T]PIA are rendered moot upon the governmental body's release of the requested information to the Plaintiff.").

Here, the information Roland requested pursuant to Article 2.1396 that pertained to the arrest of his client for an intoxication offense was released consistent with the Attorney General's decision. Therefore, an actual controversy concerning that information no longer exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994) (citing *Camarena v. Tex. Emp. Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)) (stating that the "mootness doctrine limits courts to deciding cases in which an actual controversy exists"); *see also Williams*, 52 S.W.3d at 184 (stating that a controversy "must exist between the parties at every stage of the legal proceedings, including the appeal"). And Roland's mandamus claim under Article 2.1396 is moot. *See City of Georgetown*, 646 S.W.3d at 72 (holding that the requestor's mandamus claim was moot because the document being sought had been produced); *see also Hous. Chronicle Publ'g*

13

*Co. v. Thomas*, 196 S.W.3d 396, 400–01 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that where the governmental body released requested information to the plaintiff, any pronouncement on the construction of the TPIA and its exceptions with regard to the released document would be an impermissible advisory opinion on a hypothetical fact situation). Therefore, the trial court erred in failing to dismiss this part of Roland's claim against the Town.

### 2. Injunction—the request for prospective relief

Also addressed under the Town's first issue is its complaint that the part of Roland's pleadings seeking a permanent injunction failed to establish a proper waiver of immunity. The crux of this sub-issue is based on Roland's complaint that the information he requested is not governed by the TPIA. The Town, on the other hand, argues that Roland "fails [to] cite to any legal authority, whether statute, case law, or Attorney General opinion, that states these requests should not be treated as requests for public information." It complains that Roland "failed to follow the conditions precedent to waive the Town's immunity under the [TPIA] and did not plead sufficient facts to waive the Town's immunity under any other statute." Therefore, we will first look at whether Roland's specific request for information was a request under the TPIA and whether immunity was waived. Then, we will address whether Roland can seek injunctive relief on behalf of future, unnamed parties.

### a. Roland's specific request

The TPIA defines "public information," in relevant part, as "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; [or] (2) for a governmental body and the governmental body: (A) owns the information; [or] (B) has a right of access to the information." Tex. Gov't Code Ann. § 552.002(a). "A public information request typically involves the governmental body holding the information and the citizen requesting it; if the governmental body believes an exception applies, it must promptly ask the Attorney General for a ruling." *UnitedHealthcare Ins. Co. v. Paxton*, 691 S.W.3d 209, 215 (Tex. App.—Austin 2024, pet. denied).

While Roland contends that his request for information was not a request for "public information" under the TPIA but was limited to Article 2.1396, Roland's request for information went beyond the scope of Article 2.1396, which provides,

> A person stopped or arrested on suspicion of an offense under Section 49.04, 49.045, 49.07, or 49.08, Penal Code, is entitled to receive from a law enforcement agency employing the peace officer who made the stop or arrest a copy of any video made by or at the direction of the officer that contains footage of:
>
> (1) the stop;
>
> (2) the arrest;
>
> (3) the conduct of the person stopped during any interaction with the officer, including during the administration of a field sobriety test; or

> (4) a procedure in which a specimen of the person's breath or blood is taken.

Tex. Code Crim. Proc. Ann. art. 2.1396.

Roland's request was for "copies of all audio and/or video recordings, including bodycamera, dashcamera, and surveillance, if any, related to" his client's arrest. The breadth of Roland's request is reflected in the Attorney General's decision, which held that the body-worn-camera recordings were not properly requested under Chapter 1701 of the Occupations Code and that certain information was subject to being withheld pursuant to Section 552.108(a)(1) of the Government Code. Therefore, Roland's request in this case implicated the TPIA.

While the Legislature has waived sovereign and governmental immunity to permit requestors to file suit for a writ of mandamus seeking to compel the governmental body to make information available to the public, immunity is not waived for the *delay* in releasing requested information. *AIM Media, Tex., LLC*, 663 S.W.3d at 334; *see Gates v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888, at *4 (Tex. App.—Austin June 23, 2016, pet. denied) (mem. op.) (stating that the TPIA waives sovereign immunity and allows suit for a writ of mandamus against a governmental body for disclosure of information, but the "legislature has not addressed or provided a waiver of sovereign immunity as to a claim that is based on a governmental body's delay or its motives for delaying the release of information that is subject to disclosure under the [T]PIA"). And immunity

16

precludes a claim for declaratory relief against a governmental entity to either construe the TPIA or to construe the plaintiff's rights under the TPIA. *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 55–57 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (op. on reh'g). Because Roland is seeking prospective relief against the Town that it is not in compliance with the production requirements of Article 2.1396, the Town's governmental immunity has not been waived. *See AIM Media Texas, LLC*, 663 S.W.3d at 336.

### b. Roland's requests for other parties

In addition to the request for information regarding his client, Roland sought prospective relief for "any proper individual or entity" seeking information pursuant to Article 2.1396. However, Roland does not have standing to seek relief for hypothetical parties facing hypothetical problems. *See Optimal Utils., Inc. v. Smitherman*, No. 13-16-00385-CV, 2017 WL 3431788, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2017, pet. denied) (mem. op.) (holding that appellant "does not have standing to seek relief for hypothetical parties facing hypothetical problems").

We need not decide if future requests by other parties for information pursuant to Texas Code of Criminal Procedure Article 2.1396 implicate the TPIA, because such a claim is not ripe and would constitute an advisory opinion. *See Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442–43 (Tex. 1998) (explaining that "[a] case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass" and recognizing an opinion in a

17

case that is not ripe is an advisory opinion); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 ("The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties."); *see also Hous. Chronicle Publ'g Co.*, 196 S.W.3d at 401 (holding declaratory judgment action seeking construction of TPIA was moot because autopsy report sought was produced and declining to construe act based on future hypothetical fact situations).

Because immunity has not been waived with regard to Roland's claims for the production of specific information regarding his client and because courts lack jurisdiction to grant prospective relief regarding claims for other unspecified parties, the trial court erred in denying the Town's plea to the jurisdiction. The Town's first issue is sustained.

### 3. The ultra vires claim

While the Town remains immune, governmental immunity does not preclude prospective injunctive remedies that seek to bring government officials into compliance with statutory or constitutional provisions. *See City of El Paso*, 284 S.W.3d at 368–69, 372; *see also Harris Cnty. Emergency Serv. Dist. No. 1 v. Harris Cnty. Emergency Corps*, 999 S.W.2d 163, 171 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (upholding an injunction preventing the appellant governmental entity from holding certain types of meetings in the future without proper notice based on a "pattern" of past improper meeting notices). A claim seeking to compel a governmental official to

perform a prospective act that the plaintiff considers to be nondiscretionary is in the nature of an ultra vires claim. *See City of El Paso*, 284 S.W.3d at 372.

The proper defendant to an ultra vires claim is the governmental official "whose acts or omissions allegedly trampled on the plaintiff's rights." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (citing *City of El Paso*, 284 S.W.3d at 372–73). "[A]n ultra vires suit must lie against the 'allegedly responsible government actor in his official capacity,' not a nominal, apex representative who has nothing to do with the allegedly ultra vires actions." *Hall*, 508 S.W.3d at 240 (quoting *Patel v. Tex. Dep't of Licensing and Regul.*, 469 S.W.3d 69, 76 (Tex. 2015) (italics removed)).

Roland generally alleged an ultra vires claim against the Mayor, stating that the Mayor "is included in this suit as a necessary party for injunctive relief."[12]  However,

---

[12]Under Roland's "ultra vires" claim in his amended pleadings, he also asserts that the "actions of Defendants set forth above are therefore the basis for this court to declare those actions as violating the Texas Code of Criminal Procedure which is clear on its face as to the duties of Defendants and the rights of Plaintiff." This claim is really a request for declaratory relief because it seeks a determination as to how the Town should respond to both current and future requests for information. *See AIM Media Tex., LLC*, 663 S.W.3d at 334. Sovereign immunity is inapplicable when a suit challenges the constitutionality of a statute and seeks only equitable relief. *See Patel*, 469 S.W.3d at 75–76. However, the UDJA does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature. *See City of El Paso*, 284 S.W.3d at 370. Texas courts do not have jurisdiction to consider a party's claim for declaratory relief against either the state or a political subdivision that seeks to have that party's rights construed under a statute. *See AIM Media Tex., LLC*, 663 S.W.3d at 335 (citing *Sefzik*, 355 S.W.3d at 621–22 ("But Sefzik is not challenging the validity of a statute; instead, he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim.")). In his brief, Roland "agree[s] that *Sefzik* does include language that would indicate that [the Town's] immunity arguably still exists."

he failed to plead any facts showing that the Mayor had any part in dealing with Roland's request for information. *See City of El Paso*, 284 S.W.3d at 372 (stating that an ultra vires suit "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act"); *see also Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.) ("[M]erely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed."). Rather, Roland's pleadings complain about the actions of Strubelt. And Roland did not dispute the statements in the amended plea to the jurisdiction that the Mayor "is not involved in the processing of public information requests by the Town, nor was he involved in processing [Roland's] request."

Moreover, on appeal, the Mayor asserts that the "scope of the Mayor's authority is established by the Northlake Town Charter" and that he "has not been granted any authority related to processing requests under the Public Information Act, nor has he been granted authority regarding maintaining Town records or responding to discovery requests."[13] The Town directs us to the Town Charter, which provides

---

[13]We consider this argument even though the Mayor did not raise it in the trial court. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–97 (Tex. 2012) (holding

20

that the Mayor's duties are limited to (1) presiding over meetings of the Council, performing such other duties as are imposed upon the Mayor by ordinances and resolutions, being recognized as the official head of the Town for purpose of enforcing military law and for all ceremonial purposes, and voting on matters before the Council; (2) exercising emergency powers set forth by State law and local ordinances; and (3) appointing a chairperson(s) for any special or ad hoc commissions or committees established by the Town Council. *See* Northlake, Tex., Charter, Art. III, § 3.07. Roland does not respond to this argument.

Because Roland pleaded no ultra vires acts against the Mayor and the Mayor has not been given authority related to processing requests under the TPIA or Article 2.1396, the trial court properly granted the Mayor's amended plea to the jurisdiction. Roland's sole cross-issue is overruled.

## IV. CONCLUSION

Having sustained the Town's first issue[14] and overruled Roland's sole issue, we affirm the order granting the Mayor's plea to the jurisdiction, reverse the order

---

defendants may bring—and courts must address—immunity-based jurisdictional challenges that are raised for the first time on appeal, even in the context of an interlocutory appeal); *see also Dall. Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("Under *Rusk*, an appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all."); *City of Grapevine v. Muns*, 651 S.W.3d 317, 339 n.30 (Tex. App.—Fort Worth 2021, pet. denied) (op. on reh'g).

[14]We need not address the Town's second issue, because as noted above, it is actually a response to Roland's cross-appeal. *See* Tex. R. App. P. 47.1.

21

denying the Town's plea to the jurisdiction, and render judgment that Roland's claims against the Town and the Mayor are dismissed.[15]

/a/ Dana Womack

Dana Womack
Justice

Delivered:  May 29, 2025

---

[15]In his reply brief, Roland alternatively asks for a remand to allow him to amend his pleadings in the event that the Mayor is not the appropriate state official. *See Sefzik*, 355 S.W.3d at 623 ("When this Court upholds a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured.").  Remand is not necessary in this case, as Roland's amended pleadings—which were not before the trial court when it ruled on the amended plea to the jurisdiction—remain pending.