Opinion issued January 22, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00391-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**TANISHA TENNON, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1244021**

---

## MEMORANDUM OPINION

This appeal arises from a motor vehicle collision involving a City of Houston vehicle and a car driven by Tanisha Tennon. Tennon filed suit asserting negligence claims against the City of Houston and Reynohld Omar Gamboa, the driver of the City vehicle. The City moved for dismissal under Rule of Civil Procedure 91a

asserting governmental immunity under the Texas Tort Claims Act. The trial court denied the motion and this appeal ensued.

On appeal, the City argues the trial court erred in denying its Rule 91a motion because Tennon did not show that Gamboa was in the course and scope of his employment with the City when the collision occurred, she did not allege facts invoking waiver of the City's immunity under the Texas Tort Claims Act, and even if she did, she did not allege facts negating the emergency or 9-1-1 exceptions to a waiver of immunity under the Texas Tort Claims Act.

We affirm.

### Background

On the day of the accident, Tennon was driving westbound on the 6600 block of Sands Point Drive in Houston, Texas. Gamboa, who Tennon alleges was traveling westbound on the same road without his lights or siren activated, attempted "an unsafe pass on the left," sideswiping Tennon's car.[1] According to her petition, Tennon sustained physical injuries as a result of the collision.

Tennon sued the City and Gamboa for negligence. She alleged that Gamboa was in the course and scope of his employment when he sideswiped her car, and that his negligent operation of his vehicle caused the accident. Tennon alleged that the

---

[1] It is unclear from Tennon's pleading what vehicle Gamboa was driving, but it appears it was a vehicle that had "lights and sirens" because Tennon alleges that when Gamboa passed her, he did not have "lights or sirens" activated.

2

court had jurisdiction over her claims under Section 101.021 of the Texas Tort Claims Act ("TTCA") because the act waives governmental immunity for claims involving personal injury arising from a governmental unit employee's negligent operation or use of a motor-driven vehicle. Tennon also alleged the court had jurisdiction under Section 101.0215 of the TTCA, which enumerates certain governmental functions for which a municipality may be held liable under the TTCA. Tennon pled that no exception to the TTCA's waiver of immunity was applicable to her claim.

The City moved for dismissal under Rule 91a arguing the court lacked jurisdiction. The City argued that (1) Section 101.0215 of the TTCA does not provide an independent basis for waiver of governmental immunity, (2) Tennon had not pled facts to establish a waiver of immunity, (3) Tennon had not pled facts to overcome the 9-1-1 and emergency exceptions to the TTCA's waiver of governmental immunity, (4) the City did not have sufficient notice of Tennon's claims; (5) the TTCA does not "clearly and unequivocally" waive immunity for negligence per se claims, (6) the TTCA does not authorize the recovery of punitive damages, court costs, and attorneys' fees, and (7) discovery had to be conducted under Level 1 pursuant to Texas Rules of Civil Procedure 169 and 190.2.[2]

---

[2] In her original petition, Tennon requested that discovery be conducted under Level 3. *See* TEX. R. CIV. P. 190.4.

On the day she filed her response to the City's Rule 91a motion, Tennon filed a first amended petition removing her request for Level 3 discovery, pleading more facts regarding notice, removing her negligence per se claims, and removing any reference to exemplary damages and attorneys' fees.[3]  In response to the Rule 91a motion, Tennon argued that the only issue that remained for consideration was whether she had pled sufficient facts to establish a waiver of governmental immunity.  Tennon argued she had challenged the applicability of the emergency exception by arguing that Gamboa, "while in his course and scope of employment with the City and while he did not have his lights or sirens activated, negligently attempted an unsafe pass on the left and sideswiped [Tennon's] vehicle."  Tennon also identified fourteen purported acts and omissions by Gamboa that she claimed "were not in compliance with the statutes, laws, or ordinances applicable to emergency action," and she pled that Gamboa acted "with negligence, conscious indifference, and/or reckless disregard" for her safety.

---

[3]  Rule 91a.5(b) provides that a plaintiff may "amend[] the challenged cause of action at least 3 days before the date" of the hearing on a Rule 91a motion.  TEX. R. CIV. P. 91a.5(b).  A timely amendment gives the movant the opportunity either to withdraw its motion or file an amended motion addressing the amended cause of action.  *See id.*  In ruling on a Rule 91a motion, "the court must not consider a nonsuit or amendment not filed as permitted by" Rule 91a.5(b).  *Id.* at 91a.5(c).  Tennon's amended petition was filed a week before the submission date of the City's Rule 91a motion to dismiss.

In its reply, the City argued that Tennon had not "address[ed] or negate[d] the application of the emergency or 9-1-1 exceptions" or plead facts demonstrating that Gamboa "was not responding to an emergency call or reacting to an emergency situation." The City further argued that Tennon had not "plead facts to negate that this emergency call [had] not originate[d] from the 9-1-1 emergency system."

The trial court denied the City's Rule 91a motion. This interlocutory appeal ensued.[4]

## Applicable Law and Standard of Review

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1; *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX.

---

[4] Although the denial of a Rule 91a motion generally is not appealable, there are exceptions, such as when a Rule 91a motion challenges a trial court's subject-matter jurisdiction based on governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5)); *Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at **2-3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, no pet.) (mem. op.) (explaining that although denials of Rule 91a motions are generally not appealable, there are exceptions, such as challenges to trial court's subject-matter jurisdiction). The Texas Supreme Court has recognized that "an appeal may be taken from orders denying an assertion of immunity . . . regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011).

R. CIV. P. 91a.1; *see also Burns*, 2024 WL 1558720, at *5. There are generally two circumstances where a cause of action has no basis in law: (1) when the plaintiff fails to plead a "viable, legally cognizable" cause of action, or (2) when the plaintiff has alleged facts that negate entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.); *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

We review a trial court's ruling on a Rule 91a motion de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). We construe the pleadings liberally in favor of the plaintiff and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law. *City of Houston v. Hernandez*, No. 01-24-00031-CV, 2024 WL 3817374, at *4 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, pet. filed) (mem. op.); *City of Houston v. Sanchez*, No. 01-24-00440-CV, 2025 WL 1657762, at *4 (Tex. App.—Houston [1st Dist.] June 12, 2025, no pet. h.) (mem. op.).

A court may not consider evidence when ruling on a Rule 91a motion. TEX. R. CIV. P. 91a.6. It must "decide the motion based solely on the pleading of the

cause of action, together with any pleading exhibits" permitted under Rule 59 of the Texas Rules of Civil Procedure.[5] *Id.*

"Immunity from suit may be asserted through a Rule 91a motion to dismiss." *City of Houston v. Houston Metro Sec.*, No. 01-22-00532-CV, 2023 WL 2602520, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.) (mem. op.); *see also City of Houston v. Boodoosingh*, 693 S.W.3d 894, 896 n.1 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (noting Rule 91a motion to dismiss is appropriate vehicle for governmental entity to assert trial court lacked subject-matter jurisdiction because entity had not waived immunity).

## Governmental Immunity

Subject matter jurisdiction is implicit in a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that demonstrate affirmatively the court's jurisdiction to hear her claims. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

[5] Texas Rule of Civil Procedure 59 provides that "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings . . . and shall be deemed a part thereof for all purposes." TEX. R. CIV. P. 59.

Governmental immunity protects political subdivisions of the state from lawsuits and liability for monetary damages unless their immunity is waived. *See Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332 (Tex. 2022); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages.") (citation omitted). As political subdivisions of the State, cities are "immune from suit unless [their] immunity is waived by state law." *City of Austin v. Powell*, 704 S.W.3d 437, 448 (Tex. 2024) (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022)).

The TTCA waives immunity from suit for negligent acts in certain circumstances.[6] Relevant to the issues here, the TTCA waives governmental immunity for claims involving the negligent use or operation of a motor-driven vehicle. Section 101.021(1) provides that a governmental unit in the state is liable for:

> (1)  property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

---

[6]  The starting point for our analysis is "a presumption against any waiver until the plaintiff establishes otherwise." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023).

8

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

## Scope of Employment and Waiver of Immunity

In its first issue, the City argues that Tennon failed to establish a waiver of immunity under Section 101.021(1) because she did not plead facts establishing that Gamboa was in the course and scope of his employment when the accident occurred, and she "pleaded nothing to show what function Gamboa was performing at the time of the accident." In its second issue, the City argues that, even if Tennon met her burden to establish that Gamboa was in the course and scope of his employment when the collision occurred, Tennon's minimal pleadings did not trigger the TTCA's waiver of immunity. We address each argument in turn.

## A.     Course and Scope of Employment

We first consider Tennon's argument that the City failed to preserve its scope-of-employment argument because the City did not raise the argument in its Rule 91a motion. As the City correctly notes, jurisdictional matters generally cannot be waived and may be raised for the first time on appeal. *See City of Houston v. Kim*, No. 01-20-00333-CV, 2021 WL 5774173, at *5 n.7 (Tex. App.—Houston [1st Dist.] Dec. 7, 2021, pet. denied) (mem. op.) (holding course-and-scope argument in TTCA

9

summary judgment case could be raised for first time on appeal) (citing *Ledesma v. City of Houston*, 623 S.W.3d 840, 843 n.1 (Tex. App.—Houston [1st Dist.] 2020, pet. denied)); *see also Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("[A]n appellate court must consider all of a defendant's immunity arguments [in plea to the jurisdiction], whether the governmental entity raised other jurisdictional arguments in the trial court or none at all.") (citing *Rusk State Hospital v. Black*, 392 S.W.3d 88, 94 (Tex. 2012)).

It is also true, however, that "grounds for Rule 91a motions must be raised in the trial court" and that unlike in a plea to the jurisdiction, a Rule 91a non-movant may not offer evidence in response to a Rule 91a motion[7] or amend her petition less than three days before the hearing on the motion. *See* TEX. R. CIV. P. 91a.5; *Cook v. Memorial Hermann Health Sys.,* No. 01-23-00178-CV, 2025 WL 1710294, *7 (Tex. App.—Houston [1st Dist.] June 19, 2025, no pet. h.) (mem. op.) (explaining that under Rule 91a, amended pleadings and nonsuits must be filed at least three days before Rule 91a hearing and courts may not consider untimely amendments in ruling on motion); *see also Wooley v. Schaffer*, 447 S.W.3d 71, 83–84 (Tex. App.—

---

[7] Unlike a Rule 91a motion, "pleas to the jurisdiction may be (and often are) based on evidence extrinsic to the live pleadings." *Wooley v. Schaffer*, 447 S.W.3d 71, 84 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (Frost, C.J., concurring). And unlike pleas to the jurisdiction, a Rule 91a motion must be filed "within 60 days after the first pleading containing the challenged cause of action is served on the movant[.]" TEX. R. CIV. P 91a.3(a).

Houston [14th Dist.] 2014, pet. denied) (Frost, C.J., concurring) (comparing pleas to jurisdiction to Rule 91a motions and noting that grounds for plea to jurisdiction may be added for first time on appeal while grounds for Rule 91a motions must be raised in trial court); *City of Houston v. Tapia*, No. 01-25-00016-CV, 2025 WL 3275141, at *9 n.23 (Tex. App.—Houston [1st Dist.] Nov. 25, 2025, no pet. h.) (mem. op.) (citing *Wooley*, 447 S.W.3d at 83–84) (same).

As we have explained, while there is some overlap between pleas to the jurisdiction and Rule 91a motions, Rule 91a motions must be "judged under the constraints" of that particular rule, and the rules pertaining to pleas to the jurisdiction cannot be applied in Rule 91a cases "to the extent that they differ from [R]ule 91a." *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974, at *14 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.) (quoting *Reaves*, 518 S.W.3d at 606–07). Given the constraints of Rule 91a, we question whether the City can raise a new jurisdictional argument on appeal in the context of a Rule 91a appeal. Indeed, none of the authorities on which the City relies involves a Rule 91a appeal where the appellate court considered a jurisdictional argument for the first time on appeal. Every cited authority involves a plea to the jurisdiction, a declaratory action, or a motion for summary judgment involving immunity.[8]

---

[8] *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) (declaratory action); *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024) (plea

11

To be sure, we do not hold that the City cannot raise a new jurisdictional argument on appeal. But to the extent the City raises a new jurisdictional argument at this juncture, it would seem more appropriate to consider the issue on appeal under the context of a plea to the jurisdiction, where an appellate court may consider jurisdictional matters for the first time on appeal and may, if appropriate, order a remand to afford the plaintiff an opportunity to replead to address the new jurisdictional grounds. *See Harris Cnty. v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018) ("When a defendant raises a jurisdictional argument for the first time on appeal, remand may be appropriate to afford the plaintiff 'a fair opportunity to address' the jurisdictional argument.").

In any event, assuming without deciding that the City could raise the scope-of-employment issue for the first time on appeal in this case, the City would not prevail. Tennon alleged in her amended petition that Gamboa was acting in the course and scope of his employment, and, at this juncture, we must accept her allegations as true. *Hernandez*, 2024 WL 3817374, at *4.

Our recent opinion in *Hsu v. Hernandez*, No. 01-24-00948-CV, 2025 WL 3236294 (Tex. App.—Houston [1st Dist.] Nov. 20, 2025, no pet. h.) (mem. op.) is

to the jurisdiction); *Lakeview Police Dep't v. Moody*, No. 01-24-00072-CV, 2025 WL 714974 (Tex. App.—Houston [1st Dist.] Mar. 6, 2025, no pet.) (mem. op.) (plea to the jurisdiction).

instructive. *In Hsu*, a City of Houston employee operating a City vehicle collided with Hernandez by "inexplicably back[ing] up" and striking her vehicle. *Id.* at *1. Hernandez's pleading alleged that

> while acting within the course and scope of his employment with the City, Hsu was driving a vehicle that caused a collision with Hernandez's vehicle. Hernandez alleged that Hsu's acts or omissions were negligent and proximately caused her injuries. Hernandez identified ten alleged acts or omissions of Hsu including his failure to "back" with safety, maintain a lane, control his vehicle's speed, operate the vehicle safely, keep a proper lookout, timely apply brakes, take proper evasive action, yield the right of way, keep a safe distance from Hernandez's vehicle, and operate the vehicle free from distractions such as a cellular device.

*Id.* at *3. The City moved for dismissal under Rule 91a arguing that while Hernandez had alleged that Hsu was in the course and scope of his employment at the time of the accident, she had done so without "sufficient allegations to back up those statements." *Id.* at *1. The City also argued that Hsu had not plead facts to overcome the exceptions or exclusions to a TTCA waiver of governmental immunity. *Id.*

The trial court denied the City's Rule 91a motion to dismiss. We affirmed, holding that while Hernandez's pleading "revealed very little about Hsu's role as an alleged City employee and very little about the collision itself," it nonetheless contained "sufficient facts to bring her claim 'within the [TTCA's immunity] waiver.'" *Id.* at *3 (citing *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex.

13

2023)).  We concluded that Hernandez's allegations were sufficient to withstand the City's Rule 91a motion.  *Id.* at *3-4.

We reach the same conclusion here.  "At this stage of the litigation and under our standard of review, we accept the factual allegations" in Tennon's petition as true.  *Id.* at *3 (citing *City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *3 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.)).[9]  We "construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact."  *Id.* at *2 (citing *Tran*, 2025 WL 309723, at *3).

Tennon alleged that at the time of the accident, "Defendant Gamboa, who was in the course and scope of his employment with the City of Houston, was operating a [City] vehicle in a negligent manner."  She alleged that Gamboa, a "City employee" caused her damages by operating the City car negligently, listing several

---

[9]  In its opening brief, the City relies on *Rattray* to support its course and scope argument.  But *Rattray* is a TTCA plea to the jurisdiction case that has no bearing on the "scope-of-employment" analysis.  662 S.W.3d at 867.  The single scope-of-employment case the City cites is *Laverie v. Wetherbe*, 517 S.W.3d 748 (Tex. 2017), which it cites in its reply brief.  *Laverie* is a summary judgment case in which the movant "furnished conclusive evidence that she was acting within the scope of her employment" when she made an allegedly defamatory statement about the non-movant.  *Laverie*, 517 S.W.3d at 750.  Given that a trial court may not consider evidence in ruling on a Rule 91a motion, and that the allegations in a plaintiff's pleading (and reasonable inferences drawn from them) must be taken as true in a Rule 91a proceeding, *Laverie* is inapposite.  *See* TEX. R. CIV. P. 91a.1, 91a.6.

14

ways in which he had done so.  We hold that Tennon's pleadings sufficiently alleged course and scope.  *See id.*

## B.    Waiver of Immunity

The City argues that even if Tennon properly alleged that Gamboa was in the course and scope of his employment when the collision occurred, Tennon's minimal pleadings to do not trigger the TTCA's waiver of immunity. We disagree.

Tennon's first amended petition states in relevant part:

On or about January 30, 2024, [Tennon] was rightfully and cautiously travelling westbound on the 6600 block of Sands Point Drive. Defendant Gamboa, who did not have his lights or sirens activate[d], was also traveling westbound on the same road, when he negligently attempted an unsafe pass on the left and sideswiped [Tennon's] vehicle. The Police Report states that Defendant Gamboa "failed to pass on the left safely causing the accident." As a result of this preventable collision, [Tennon] sustained physical injuries, significantly impacting her ability to care for her special needs son, further compounding the hardship caused by this incident.

Defendant Gamboa breached the duty of care to operate his vehicle in a reasonable and prudent manner. Additionally, Gamboa knowingly and recklessly violated laws and statutes of the State of Texas. By attempting to unsafely pass [Tennon] on the left without his lights or sirens activated, Gamboa committed acts or omissions that he knew or should have known posed a high degree of risk of serious injury, or that he knew the relevant facts but did not care about the result. Defendant Gamboa's actions were not in compliance with the statutes, laws, or ordinances applicable to emergency action. Gamboa acted with negligence, conscious indifference, and/or reckless disregard for the safety of [Tennon].

Tennon's petition subsequently states:

15

At the time of the crash, Defendant Gamboa, who was in the course and scope of his employment with the City of Houston, was operating the vehicle in a negligent manner by:

a.      Failing to control his speed;

b.      Failing to maintain an assured clear distance between the City of Houston's vehicle and Plaintiff's vehicle;

c.      Failing to keep a proper lookout;

d.      Making an unsafe lane change;

e.      Driving at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstance;

f.      Failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances;

g.      Failing to timely apply the brakes;

h.      Failing to maintain a proper lookout;

i.      Failing to drive in an attentive manner;

j.      Failing to maintain proper control of the City of Houston's vehicle;

k.      Failing to activate his lights and sirens;

l.      Failing to turn, swerve, or otherwise maneuver the City of Houston's vehicle so as to avoid the collision made the basis of this suit;

m.      Operating said vehicle in a careless, unsafe, hazardous manner and reckless manner; and

n.      Failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

The City argues that these allegations are insufficient to trigger the TTCA's waiver of immunity. It relies on *City of Houston v. State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 707 (Tex. App.—Houston [14th Dist.] 2025, no pet.) to support its argument. In *State Farm*, like here, the City filed a Rule 91a motion arguing that State Farm had not alleged sufficient facts to establish a waiver of governmental immunity. *Id.* at 713. State Farm's pleadings regarding the accident stated only that:

> This lawsuit is relative to a motor vehicle accident which occurred on or about February 6, 2022, in Houston, Harris County, Texas, when an employee of Defendant, driving in an unsafe and negligent manner, caused a collision with Plaintiff's vehicle. Defendant's employee had a duty to exercise ordinary care and operate his/her vehicle reasonably and prudently. The negligence of Defendant and/or Defendant's employee was the proximate cause of Plaintiff's damages as set forth herein.

> At the time of the collision described above, the driver of Defendant's vehicle was the agent, servant, and employee of Defendant, CITY OF HOUSTON, and was acting within the course and scope of his/her authority as such agent, servant, and employee. Furthermore, the driver of Defendant's vehicle was acting with the sponsorship and approval of Defendant, CITY OF HOUSTON. Therefore, Plaintiff sues Defendant, CITY OF HOUSTON, for negligence.

*Id.* at 714. In reversing the trial court's order denying the City's Rule 91a motion to dismiss and rendering judgment for the City, the appellate court stated:

> Affording State Farm's pleading the required liberal reading, it alleged that an unnamed Houston employee, driving in an unsafe and negligent manner while acting within the course and scope of his employment, caused a collision with State Farm's insured's vehicle.

17

> State Farm's allegation that Houston's employee driver was negligent is conclusory because it does not provide any underlying factual allegations to support the conclusion that the municipal driver was negligent. State Farm's Original Petition does not contain even minimal factual details about the accident. For example, State Farm did not allege that the employee failed to control his speed, drove at an excessive speed over the legal limit, or proceeded through an intersection against a red signal. State Farm also did not allege that the Houston driver was a police officer, even though this is undisputed and would have been known to State Farm at the time of pleading.

*Id.* at 715 (footnote omitted). The allegations in this case are not that sparse.

Tennon alleged that Gamboa was traveling westbound on the 6600 block of Sands Point Drive without his lights or sirens activated when he "negligently attempted an unsafe pass on the left and sideswiped [Tennon's] vehicle." She alleged that Gamboa "failed to pass on the left safely [thus] causing the accident." Tennon also alleged that Gamboa's negligent actions had caused the accident and caused her to suffer personal injuries. Unlike the plaintiff in *State Farm*, Tennon then identified fourteen purported acts and omissions by Gamboa that she claimed "were not in compliance with the statutes, laws, or ordinances applicable to emergency action." Among other things, Tennon alleged that Gamboa was negligent by failing to control his speed, failing to keep a proper lookout, and making an unsafe lane change. Given Tennon's more expansive pleadings, we conclude that *State Farm* is inapposite.

18

Taking the allegations in Tennon's pleadings as true and liberally construing them, we hold that Tennon pleaded sufficient facts to invoke a waiver of governmental immunity under Section 101.021(1).

We overrule the City's first and second issues.

**Emergency and 9-1-1 Exceptions**

In its third issue, the City argues that even if Tennon's claims fall within the scope of Section 101.021(1), the claims must be dismissed because Tennon did not allege sufficient facts to negate the applicability of the 9-1-1 and emergency exceptions, which operate to withdraw a waiver of immunity under Section 101.021(1).

While the TTCA waives the City's immunity for certain torts, that waiver is not absolute. *City of Houston v. Gomez*, 716 S.W.3d 161, 165 (Tex. 2025). The TTCA provides exceptions to the waiver of immunity in Section 101.021. *Powell*, 704 S.W.3d at 449. Thus, in addition to satisfying the statutory provisions of the TTCA "that clearly and affirmatively waive immunity," a TTCA plaintiff must "expressly negate" any statutory exceptions that are "plausibly implicate[d]" by the plaintiff's allegations. *Rattray*, 662 S.W.3d at 867–68; *see also Hernandez*, 2024 WL 3817374, at *5 ("To establish the trial court's jurisdiction, a TTCA plaintiff must (1) satisfy the statutory provisions, such as section 101.021(1), 'that clearly waive immunity' and (2) 'expressly negate' any statutory exceptions 'plausibly

19

implicated' by the plaintiff's allegations.") (citing *Rattray*, 662 S.W.3d at 867–68). "When [an] exception applies, the [TTCA] is unavailable as a waiver of immunity even if the facts otherwise fall within a waiver found in Section 101.021." *City of Houston v. Davis*, No. 01-13-00600-CV, 2014 WL 1678907, at *4 (Tex. App.— Houston [1st Dist.] Apr. 24, 2014, pet. denied) (mem. op.); *see also Rattray*, 662 S.W.3d at 867 ("The [TTCA] may waive immunity in one breath and in the next take back part of the waiver.").

In her first amended petition, Tennon alleged that while she was traveling westbound on Sands Point Drive, Gamboa, "who did not have his lights or sirens activate[d] . . . negligently attempted an unsafe pass on the left and sideswiped [Tennon's] vehicle." She alleged that "Gamboa's actions were not in compliance with the statutes, laws, or ordinances applicable to emergency action." We agree with the City that these allegations "plausibly implicate" the emergency exception and 9-1-1 exceptions.

Section 101.055(2) of the TTCA sets forth the emergency exception. It provides that the TTCA waiver of immunity does not apply to a claim that arises:

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2). The emergency exception thus

20

withdraws the waiver of immunity *unless* (1) the officer did not comply with "the laws and ordinances applicable to emergency action," or (2) in the absence of such laws, the officer acted "with conscious indifference or reckless disregard for the safety of others."

*Gomez*, 716 S.W.3d at 165 (emphasis in original) (quoting *Powell*, 704 S.W.3d at 449) (quoting TEX. CIV. PRAC. & REM. CODE § 101.055(2)).

The emergency exception "contemplates two distinct inquiries to be undertaken in a particular order." *Powell*, 704 S.W.3d at 449. A court must first determine whether any laws or ordinances apply to the emergency action at issue. *Id.* If a law or ordinance applies wholly or partly to the emergency action, then "the jurisdictional inquiry turns on whether the officer's action complied with the relevant law or ordinance." *Id.* The court considers only laws applicable to emergency action. *Id.* at 451 ("[G]enerally applicable rules of the road that do not specifically address or reference emergencies are not applicable to emergency action for purposes of the emergency exception."). If no law or ordinance applies to any part of the emergency action, the court must then consider whether the officer acted with conscious indifference or reckless disregard for the safety of others. *Id.* at 449. The statutory standard for reckless driving is enumerated by the Transportation Code as driving "a vehicle in wil[l]ful or wanton disregard for the safety of persons or property." *Gomez*, 716 S.W.3d at 165 (citing TEX. TRANSP. CODE § 545.401(a)).

Similarly, the 9-1-1 emergency service exception codified in Section 101.062 of the TTCA provides that "[t]his chapter applies to a claim against a public agency

21

that arises from an action of an employee of the public agency . . . and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action." TEX. CIV. PRAC. & REM. CODE § 101.062(b). Both the emergency and 9-1-1 exceptions require a plaintiff to establish that the public employee's actions violated an applicable statute, ordinance, or law. *City of Houston v. Hernandez*, No. 14-23-00916-CV, 2024 WL 3867828, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20, 2024, no pet.) (mem. op.).

Tennon had the burden to negate the applicability of the 9-1-1 and emergency exceptions. *Maspero*, 640 S.W.3d at 529. The City retains immunity unless Tennon shows that "(1) the officer did not comply with 'the laws and ordinances applicable to emergency action'; or (2) in the absence of such laws, the officer acted 'with conscience indifference or reckless disregard for the safety of others.'" *See Powell*, 704 S.W.3d at 449. We conclude Tennon adequately alleged facts to negate application of both exceptions.

While Tennon did not state in her petition that Gamboa was not responding to an emergency call, she made several allegations in her petition that mirror those in *Hernandez* and *Sanchez*, which Tennon argues establishes that Gamboa violated Section 546.005 of the Transportation Code. Chapter 546 of the Texas Transportation Code contains the law applicable to the operation of an emergency vehicle. *See* TEX. TRANSP. CODE §§ 546.001-.007. An operator of an emergency

22

vehicle may engage in certain permissible conduct, but Chapter 546 does not relieve the operator of an "authorized emergency vehicle" from "the duty to operate the vehicle with appropriate regard for the safety of all persons" or "the consequences of reckless disregard for the safety of others." *Id.* § 546.005. "Because Section 546.005 requires 'appropriate regard'—and prohibits 'reckless disregard'—for the safety of others, the inquiry whether an operator violated the provision 'largely collapses' into a single question of whether the operator acted recklessly." *Hernandez*, 2024 WL 3817374, at *6 (citation omitted). To drive with reckless disregard, "the driver must commit 'an act he knew or should have known posed a high degree of risk or serious injury' to others." *Id.*

Tennon argues that her amended petition sufficiently negated the emergency and 9-1-1 exceptions. She compares her pleadings to those in our recent holdings in *Sanchez* and *Hernandez*, where we held that the plaintiffs' pleadings were "not too conclusory and sufficiently negated the application of the emergency and 9-1-1 exceptions." *Sanchez*, 2025 WL 1657762, at *6; *Hernandez*, 2024 WL 3817374, at *6–7.

In *Sanchez*, the plaintiff, who alleged he was struck from behind by a police officer, pled that the officer failed "to pay attention that the vehicles in front of him and around him were at a complete stop for a red light," and further failed "to control his speed," "to br[ake] in a timely manner," "to keep an assured and safe distance

23

from Plaintiff's vehicle," "to turn his vehicle in order to avoid the collision," and "to operate his vehicle with due regard for the safety of all persons . . . and/or operated his vehicle with reckless disregard for the safety of others. . . ." 2025 WL 1657762 at *5. In *Hernandez*, the plaintiff alleged that the police officer with whom he was involved in a collision had acted negligently in "failing to maintain a proper lookout," driving "at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances," failing to "timely apply the brakes," failing "to turn the vehicle to avoid the collision," failing to "maintain control of his vehicle," following "too closely," and failing "to yield the right-of-way." 2024 WL 3817374 at *4. In both cases, we affirmed the trial court's denial of the City's Rule 91a motion holding the plaintiffs had negated the applicability of the emergency exception.

We reach the same conclusion here. In her first amended petition, Tennon alleged that Gamboa's "actions were not in compliance with the statutes, laws, or ordinances applicable to emergency action." Tennon argues that she also alleged fourteen violations of Chapter 546. She alleged that Officer Gamboa failed to "control his speed"; failed "to maintain an assured clear distance between the City of Houston's vehicle and Plaintiff's vehicle"; failed "to keep a proper lookout"; made "an unsafe lane change"; drove "at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstance";

24

failed "to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances"; failed "to timely apply the brakes"; failed "to maintain a proper lookout"; failed "to drive in an attentive manner"; failed "to maintain proper control of the City of Houston's vehicle"; failed "to activate his lights and sirens"; failed "to turn, swerve, or otherwise maneuver the City of Houston's vehicle so as to avoid the collision made the basis of this suit"; operated "said vehicle in a careless, unsafe, hazardous manner and reckless manner"; and failed "to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle."

Tennon further alleged that by "attempting to unsafely pass [her car] on the left without his lights or sirens activated, Gamboa committed acts or omissions that he knew or should have known posed a high degree of risk of serious injury, or that he knew the relevant facts but did not care about the result." She last alleged that "Gamboa acted with negligence, conscious indifference, and/or reckless disregard for [her] safety . . . ."

Construing Tennon's pleadings liberally, as we must, we hold she alleged sufficient facts to negate the applicability of the emergency and 9-1-1 exceptions. *See Hernandez*, 2024 WL 3817374 at *7; *Sanchez*, 2025 WL 1657762, at *6.[10]

---

[10]   *See also Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied) (holding plaintiff alleged sufficient facts to negate applicability of

We overrule the City's third issue.

## Conclusion

We affirm the trial court's order denying the City's Rule 91a motion to dismiss.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

---

emergency exception where police officer collided with plaintiff from behind and plaintiff alleged officer was "negligent, reckless, and grossly negligent, including [the officer's] failure to comply with traffic stop policies, control his vehicle, maintain a safe distance between the patrol vehicle and the vehicle in front of him, timely apply his brakes, and turn to avoid the collision," as well as "driving at a greater rate of speed than a person using ordinary care would have driven").

26